BRADY, Justice.
This is an interlocutory appeal from a decree rendered in the Chancery Court of Harrison County, Mississippi, overruling two pleas in bar contained in the answer and cross-bill of the appellant, John Calmes.
The following facts are relevant to the consideration of the interlocutory appeal: On December 21, 1966, appellee, Adrian Weill, filed his Bill of Complaint to confirm his tax title to certain land in Biloxi, Harrison County, Mississippi. The complaint averred that the property had been quitclaimed to appellant, John Calmes, on January 13, 1950, by Mrs. E. A. (Hazel) Braun, the previous owner of said property. Ad valorem taxes on the land were assessed against the appellant for the years 1958 and 1959. The appellant did not pay the taxes on the property in question, and the land was sold for non-payment of taxes on September 21, 1959, by the Sheriff and Tax Collector of Harrison County to the appel-lee. The property was not redeemed within the time required by law. On October 14, 1961, the chancery clerk executed an official tax deed to the appellee. Appellee admits that appellant has been and is presently in possession of the land. Appellant and all lienors have been given notice that the period of redemption has expired.
Appellant Calmes in his answer alleges that he is the owner of the property and that he is in actual possession of the land. Appellant’s answer also sets up as pleas in bar:
(1) That appellee Weill failed to bring his action for possession of the land within three years from the date of the sale for taxes as provided by Mississippi Code 1942 Annotated section 1034 (1956).
(2) That the suit is barred by the doctrine of laches because the appellee waited over five years from the date that the tax sale matured to bring his suit, during all of which time appellant was in physical possession of the land, making improvements thereon, paying all taxes, and exercising all the acts of ownership.
(3) That appellee is barred by the equitable maxim “Equity aids the vigilant, and not those who slumber on their rights.”
(4) That the suit is barred by the provisions of Mississippi Code 1942 Annotated section 1323 (1956) because appellee is not and has not been in possession of the land.
The chancellor entered an order overruling the first and fourth pleas in bar of appellant. Appellant filed an Application for Interlocutory Appeal on the ground that the court had erred in overruling the plea in bar that Mississippi Code 1942 Annotated section 1323 (1956) applied to suits to confirm tax titles and thus the case was barred. Appellant contends that there is no Mississippi decision on the question and that a ruling by the Mississippi Supreme Court in favor of appellant would determine all issues in the lawsuit. An order was entered granting the application based upon the execution of an appeal bond in the sum of $2,500, which was later reduced to $500 in accordance with Mississippi Code 1942 Annotated section 1162 (1956).
An interlocutory appeal under Mississippi Code 1942 Annotated section 1148 (1956) should only be granted by the chancellor when such an appeal will settle “all the controlling principles involved in the *420 cause, or in exceptional cases to avoid expense and delay.” The appeal must resolve all the controlling issues in the case. Taylor v. Hemming, 253 Miss. 756, 179 So.2d 8 (1965).
After a careful reading of the pleadings in the case at bar along with a thorough study of the statutes and cases relating to the confirmation of tax titles, we conclude that this appeal will not settle all the controlling issues in this case, some of which are factual, and thus the interlocutory appeal was improvidently granted.
Wisdom counsels circumspection in the granting of interlocutory appeals. The chancellor erred in allowing the interlocutory appeal; therefore, we dismiss the appeal and remand the case for trial.
Appeal dismissed and case remanded.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.