PATTERSON, Justice:
This is an interlocutory appeal authorized by a decree of the Chancery Court of Lauderdale County. The appeal was granted from an order of that court overruling a general demurrer of Gulf Oil Company and Arthur P. Nelson, et al. while sustaining a similar demurrer to the bill of complaint interposed by the Lauder-dale County Board of Supervisors. We are of the opinion that the appeal was improvidently granted.
The bill of complaint was filed in behalf of certain minor educable children, residents of the township in which the sixteenth section lands lie. It charges that the Nelsons, as lessees of the sixteenth section lands, obtained a renewal of their lease for a term of fifty years for a consideration of $3750. It also alleges that four days thereafter they assigned this lease to Gulf Oil Company for $60,000. The bill then charges that the considera *731 tion paid by the Nelsons was so inadequate that it amounts to a donation of public lands to them by the county contrary to the provisions of Article 4, Section 95, Mississippi Constitution 1890.
After reviewing the pleadings of the suit, as well as considering the arguments of counsel, we are of the opinion that the case is complex and will necessarily involve a resolution of factual issues and that all of the controlling issues cannot be solved by the record presently before us.
The determination of whether an interlocutory appeal will settle all of the controlling principles in a case, or in exceptional cases avoid expense and delay, is of paramount importance in granting an interlocutory appeal. Calmes v. Weill, 216 So.2d 418, 420 (Miss.1968); Taylor v. Hemming, 253 Miss. 756, 179 So.2d 8 (1965); and Slater v. Bishop, 251 Miss. 306, 169 So.2d 465 (1964).
We are aware that the appellee has not challenged the appellants’ right to appeal as being improvidently granted; however, it is our opinion that the appeal will not avoid time and expense, but rather will increase both, and moreover, all of the controlling issues cannot be presently settled. We therefore raise the question on our own motion. Management, Inc. v. Crosby, 186 So.2d 466 (Miss.1966), and Farrar v. Phares, 232 Miss. 391, 99 So.2d 594 (1958). Of course, those matters raised by special demurrer are not before this Court on an interlocutory appeal. Hardy v. Candelain, 204 Miss. 328, 37 So. 2d 360 (1948).
The appeal is dismissed as being improvidently granted and the cause remanded to the trial docket of the lower court.
Appeal dismissed and remanded.
RODGERS, P. J., and INZER, SMITH and ROBERTSON, JJ., concur.