490 So.2d 895 (1986)
Dr. Thomas L. KILGORE, Jr.; Dr. Martin H. McMullan, The Surgical Clinic, P.A., and The Mississippi Baptist Medical Center
v.
Woodrow Wilson BARNES.
Misc. No. 2029.
Supreme Court of Mississippi.
June 4, 1986.
Heber A. Ladner, Jr., Douglas E. Barfield, Upshaw & Ladner, Cary E. Bufkin, K. Hayes Callicutt, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, for appellants.
Vernon H. Brown, John H. Price, Jr., Thomas, Price, Alston, Jones & Davis, Jackson, for appellee.
En Banc.
WALKER, Presiding Justice, for the Court:
This application for an interlocutory appeal comes as a result of the denial of a motion for summary judgment filed by the appellants in July, 1985, in the Circuit Court of the First Judicial District of Hinds County.
Appellants' basis for summary judgment was that the appellee's cause of action is time barred. Appellee contends that he was injured by the acts of the appellants when they allegedly left a surgical needle in his heart during surgery performed on June 28, 1974. Appellee further alleges that he learned of this on June 21, 1982, when he was advised that there was an object resembling a needle in his heart. On June 14, 1984, this action for medical malpractice was filed.
The question to be answered on interlocutory appeal is which statute of limitation applies. Appellants argue that the general six-year statute of limitations applies, Miss. Code Ann. § 15-1-49 (1972), and this cause of action became time barred in 1980. Appellee contends that the new malpractice statute of limitations, Miss. Code Ann. § 15-1-36, enacted in 1976, applies. Section 15-1-36 provides that it "shall apply only to actions the cause of which occurred on or after July 1, 1976."
Until recently, this Court has steadfastly maintained that no interlocutory appeal lies from circuit court, except in those cases where the sole ground for ordering a new trial by the trial court is the excessiveness or inadequacy of damages. See Cotton v. Veterans Cab Company, Inc., 344 So.2d 730, 731 (Miss. 1977); Miss. Code Ann. § 11-7-213 (1972).
Interlocutory appeals from chancery court, on the other hand, are governed by statute. Miss. Code Ann. § 11-51-7 (1972), as amended. Such appeals are allowed where the chancellor "may think an appeal proper in order to settle all the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay."
*896 In the recent case of Southern Farm Bureau Cas. Ins. v. Holland, 469 So.2d 55 (Miss. 1984) the Court granted an interlocutory appeal from the Circuit Court of Greene County without addressing the question of whether such an appeal could be granted. The Court gave several reasons for not addressing the issue: the appellee did not object; the time, expense and effort already involved, and the action was warranted by this Court acting in a supervisory capacity. 469 So.2d at 59. We now find the time ripe to consider the question on its merit.
After careful consideration, we find that there may be exceptional circumstances which may warrant an interlocutory appeal from circuit court. There appears no reason to allow this form of appeal only from chancery court and no valid reason to continue our previous rigid and inflexible rule. But, we hasten to add that such appeals will be allowed only under the most extraordinary circumstances.
As a starting point, the interlocutory appeal should be granted only when it appears, without indepth study, that the appeal will finally settle the controlling principles of law in the case. Avoiding waste of time and expense may be a consideration as an additional favorable factor, but not as the sole basis for granting the appeal. An interlocutory appeal may also be appropriate to settle a new or unique proposition of law pending before several of the trial courts.
The important consideration is that the ends of justice be served without unnecessary delay and expense. It is incumbent upon this Court to see that we aid the lower courts and not act as an impediment to the final and speedy resolution of cases. This calls for restraint on the part of litigants in requesting and on this Court in granting interlocutory appeals.
The present case, we feel, is an appropriate one for an interlocutory appeal. Should the appellants be successful this Court will, by its decision, settle the controlling principle of law in this case which is unclear and which will also affect other pending similar cases. The trial courts will then be able to act with reasonable assurance as to which statute of limitation applies and thereby prevent inconsistent decisions. Additionally, if the appellants are successful, the case will be resolved without resort to a lengthy and costly trial and appeal.
The interlocutory appeal will be granted and the Clerk of this Court will place this case on the calendar of cases to be next set.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS, J., dissents.
HAWKINS, Justice, dissenting:
I respectfully dissent.
The circuit judge had a perfect opportunity to make this an appealable case: he could have held Miss. Code Ann. § 15-1-49, the general six year statute, applied on the 1974 surgery and dismissed the cause. We would then have had an appeal in ordinary course on this one issue.
The circuit judge did not dismiss, however, but retained the case on that court's docket.
It is my view that Southern Farm Bureau Casualty Insurance Co. v. Holland, 469 So.2d 55 (Miss. 1984), and the rule the majority now adopts will cause more problems than it will cure. It is also my conviction that the rules we have previously applied as to interlocutory appeals have worked remarkably well.
I find scant comfort in the criteria the majority sets for all future interlocutory appeals. See: 28 U.S.C.A. § 1292(a), and annotations thereunder, and Rule 54(b) of the Federal Rules of Civil Procedure.