495 So.2d 468 (1986)
SONFORD PRODUCTS CORPORATION & Nationwide Insurance Company
v.
Morris O'Dell FREELS, Deceased By His Widow and Dependents.
No. 55727.
Supreme Court of Mississippi.
September 24, 1986.
Rehearing Denied October 29, 1986.
*469 James M. Anderson, Markow, Walker, Reeves & Anderson, Jackson, for appellants
Minor F. Buchanan, Jackson, John E. Gregg, Raymond, for appellees.
Before WALKER, C.J., and PRATHER and GRIFFIN, JJ.
PRATHER, Justice, for the court:
Among other questions, this appeal addresses whether a licensed medical doctor is the only expert witness who may ever be competent to testify as to causation of death.
Morris O'Dell Freels filed a claim for Mississippi Workers' Compensation benefits as a result of alleged prolonged exposure to toxic chemicals during the course and scope of his employment. Upon his death on May 26, 1982, Mr. Freels' claim for benefits was revived by his widow and dependents for death benefits. The administrative judge denied benefits, but the Workers' Compensation Commission remanded the case to the administrative judge for further proceedings. The employer and its insurance carrier appealed the remand order to the Circuit Court of Rankin County which affirmed the commission. The appellant employer and carrier appeal here assigning as error:
(1) The Commission erred in reversing the administrative judge's dismissal of the claim since the claimant failed to make out a prima facie case of compensability.
(2) The Commission erred in remanding this case to the administrative judge for further proceedings.
This Court affirms the orders of Workers' Compensation Commission and the Rankin County Circuit Court.

I.
Mr. Freels was 65 years old, had an eighth grade education and lived in Florence, Mississippi. Freels' first employment was in a coal mine. He later engaged in farm work and worked briefly at a sawmill before coming to the Florence area. In April, 1946 he was employed by the United States Post Office. After retirement in 1972, Freels began working at Sonford Products where he worked with chemicals *470 containing pentachlorophenol used in the preservation of wood, but without instruction from the employer about the harmful effects of the chemicals. Freels' job involved mixing dusty bead-like chemicals into an oil substance. This process emitted dust which was inhaled by Mr. Freels. The dust also covered his exposed skin and clothing.
Freels' work clothing consisted of a blue jumpsuit and high top boots. However, after the death of Freels' fellow employee in 1980, OSHA (Occupational Safety & Health Administration) inspected Sonford Products and subsequently required all employees to begin wearing white ribbed plastic suits including hoods, gloves and vapor masks.
In 1980, Freels began noticing a health problem and was diagnosed as being diabetic. After medical examination which indicated lesions on his right lung, Freels was hospitalized for lung surgery. Although Freels admitted smoking cigarettes from 1936 to 1974, he asserted that he was in very good health when he started work at Sonford Products in 1972. At the hearing before the Administrative Law Judge, the original certified death certificate of Morris O'Dell Freels was introduced in evidence from the Bureau of Vital Statistics reflecting that Freels died from bronchioalveolar-carcinoma. Evelyn Freels' testimony supported that of her husband. She stated that Freels would come home with his clothes and shoes completely saturated with chemicals, and that the residue of the chemical could be noticed in Freels' breath, perspiration and body waste. Mrs. Freels claimed she couldn't ride in the truck Mr. Freels drove to work because the chemical residue made her eyes burn and made her cough.
The claimant testified as a witness in his own behalf and introduced his deposition taken previously. He also called a toxicologist, Dr. Anthony Verlangieri, to testify as an expert in the field of biochemistry and toxicology (the study of adverse effects of chemicals on humans and animals). Verlangieri was accepted as an expert in his field and was allowed to testify under procedural rule 8 as to a causal relation between the alleged injury and Freels' employment. Verlangieri based his diagnosis on examination of all medical records and documents supplied by the Doctors' Hospital of Jackson, Veterans Administration Hospital and pathological studies performed subsequent to the autopsy of Freels. Verlangieri testified that bronchioalveolar-carcinoma occurs in less than five percent of all cancers and its cellular structure is different from that of cancers caused by smoking or inhalation of coal dust. Looking to the reports submitted, research materials and medical records, Verlangieri concluded that within a ninety to ninety-five percent (90%-95%) confidence level, that pentachlorophenol contributed or directly caused the death of Mr. Freels via the oncoming pathology of the lung cancer. Verlangieri further testified that Freels' diabetic condition was caused by exposure to the chemicals via adenocarcinoma of the pancreas whereby the production of insulin is reduced.
The employer and insurer objected and asserted that since the claimant had presented no medical doctor as expert to establish a causal relation between the alleged injury and his employment, the claimant had failed to present a prima facie case and moved for a directed verdict in their favor. The administrative judge sustained the motion and dismissed the claim. Claimant petitioned for review by the full commission. The commission held that the unsworn medical reports were properly excluded by the administrative judge. While the judge had excluded the toxicologist's testimony in its entirety, the commission held that those portions within his field of expertise (toxicology) were admissible. The commission ruled that the claimant had failed to prove his injury was compensable since he failed to present medical evidence of causal connection.
However, the commission remanded the claim to the administrative judge for further proceedings noting that the record was incomplete and that it was unable to *471 determine the rights of the parties without full development of all the facts attendant to the claim, including dependency. On appeal, the circuit court affirmed the commission's order in all respects noting that no licensed physician as contemplated under Miss. Code Ann. § 73-25-1 (1972) had testified.

II.

Since the commission order of remand is interlocutory, is the order appealable?
This record reveals a remand by the commission to the administrative judge for further hearing, thereby making this appeal an interlocutory one. There was no request for, nor granting of, an interlocutory appeal at any level before the arrival of this appeal in this Court. This probably is accounted for by the fact that previously interlocutory appeals were not permitted from circuit court. The opinion in Southern Natural Resources v. Polk, 388 So.2d 494 (Miss. 1980) states:
To be appealable, the order of the commission must be a final order. Southern Natural Resources, supra; St. Regis Paper Co. v. Lee, 249 Miss. 537, 136 So.2d 250 (1964). Thus, where the commission, on review of a decision of its hearing officer, enters an order remanding the case to the administrative for further proceeding or testimony, the order is interlocutory only and is not appealable.
V. Dunn, Mississippi Workmen's Compensation § 258 (1982). See also, Leathers v. Gardner, 425 So.2d 1336 (Miss. 1982), Leathers v. Tupelo Coffee Co., 423 So.2d 122 (Miss. 1982).
However, this Court recently recognized that in exceptional circumstances appeals from interlocutory orders in circuit court are warranted. Kilgore v. Barnes, 490 So.2d 894 (Miss. 1986). The guideline for the granting of such appeals from circuit court trials was stated to be in cases where the appeal may settle an important principle of law in the case and may advance the ultimate determination of the action. Kilgore, supra; Southern Farm Bureau Casualty Insurance Co. v. Holland, 469 So.2d 55, 63 (Miss. 1984) (Anderson, J., Concurring). Another consideration in granting such appeal is that justice may be served without delay and expense to the litigant and the court.
Therefore, this Court is of the opinion that this appeal, interlocutory in form, should be granted to avoid expense and delay. Kilgore, supra; Southern Farm, supra.

III.

Did the commission err in reversing the administrative judge's dismissal of the claim since the claimant allegedly failed to make out a prima facie case of compensability?
In workers' compensation cases, the claimant has the burden of proving that he sustained an accidental injury arising out of and in the course and scope of his employment and that the injury caused the disability for which he is claiming benefits. Miss. Code Ann. § 71-3-3(b). See Pearson v. Dixie Electric Power Ass'n, 219 Miss. 884, 70 So.2d 6, 10 (1954); T.H. Mastin & Co. v. Mangum, 215 Miss. 454, 61 So.2d 298, 300 (1942).
In all cases in which the causal connection would not be obvious to the untrained layman, the claimant must prove the causal connection between the alleged injury and the alleged disability by competent medical proof. Miss. Code Ann. § 71-3-3 (1972). See Cole v. Superior Coach Corp., 234 Miss. 287, 106 So.2d 71, 72 (1958) ("in all but the simple and routine cases ..., it is necessary to establish medical causation by expert testimony").
In this case the claimant alleged that exposure to toxic chemicals at work precipitated his lung cancer and his ultimate death. In an attempt to prove the causal connection between his alleged disability and employment the claimant presented the testimony of his wife and himself and a certified original death certificate stating that the cause of death was bronchio-alveolar-carcinoma. The claimant further presented the testimony of Dr. Anthony J. *472 Verlangieri, a toxicologist, who stated that in his opinion based on scientific research knowledge in the field and investigation into the cause of death of Mr. Freels, the claimant died as a result of exposure to chemicals containing pentachlorophenol.
From the circuit judge's order this Court quotes:
Dr. Anthony J. Verlangieri is an associate professor of Pharmacology and Toxicology at the University of Mississippi, and he has a Ph.D. in biochemistry. Dr. Verlangieri testified on behalf of the claimants before the Administrative Judge after being qualified as an expert in the field of toxicology. His testimony was allowed under Procedural Rule 8 of the Mississippi Workmen's Compensation commission.
The appellants assert that the Administrative Judge and the Workmen's Compensation Commission [sic] correctly rejected as incompetent the testimony and reports of Professor Verlangieri relating to his opinions as to medical causation. As the Commission held, Dr. Verlangieri's expert testimony, as to that testimony he gave within the area of his expertise, should have been admitted by the Administrative Judge "for whatever probative value it may have to the resolution of the issues raised in this cause."
The appellees cite V. Dunn, Mississippi Workmen's Compensation, Section 278, page 346 (3d Ed. 1982), with regard as to what is required of an expert witness. As earlier stated, the Commission held that Dr. Verlangieri's testimony given within his area of expertise should have been admitted. This is in line with Section 278 supra, and we agree.
However, as to Dr. Verlangieri's testimony as to his opinions as to the medical causation between the decedent's employment and his fatal condition, we believe that the Administrative Judge and the Commission correctly rejected as incompetent that testimony. Dr. Verlangieri has a Ph.D. in biochemistry. He did not examine the claimant or treat him at any time. He is not a medical doctor, nor a licensed physician as contemplated by Miss. Code Ann. Section 73-25-1, et seq. (1972). The definition in that code section must be considered in determining the intent of the Workmen's Compensation Law relating to competent "medical" testimony, and Dr. Verlangieri's testimony fails as far as his competency to testify as a "medical" expert to prove medical causation between the decedent's employment and his fatal condition.
This Court, however, disagrees. Dr. Verlangieri was qualified as an expert to give an opinion regarding the causal relationship between the decedent's employment and his fatal condition. Dr. Verlangieri is and was accepted as an expert in toxicology. Toxicology is "a science that deals with poisons and their effect on living organisms, with substances otherwise harmless that prove toxic under particular conditions, and with the clinical, industrial, legal or other problems involved." Websters Third New International Dictionary (1961).
Verlangieri's credentials in the general field of biochemistry have been recited above. Without doubt, Verlangieri is one who by knowledge, skill, experience, training or education is qualified as an expert. Hall v. Hilbun, 466 So.2d 856 (Miss. 1983) at 873-874. House v. State, 445 So.2d 815 (Miss. 1984) at 822.
The key point in reaching this conclusion is the recognition that "medical causation" is no more than causation in fact. As discussed in Prosser § 41, Law of Torts (4th Ed. 1971) at page 241:
Causation is a fact. It is a matter of what has in fact occurred. A cause is a necessary antecedent: in a very real and practical sense, the term embraces all things which have so far contributed to the result that without them it would not have occurred.
... .
The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the [exposure to the chemical] was a *473 substantial factor in bringing about the result.... Where the conclusion is not one within the common knowledge of laymen, expert testimony may provide a sufficient basis for it.
Id.
Dr. Verlangieri's expert testimony provides a reasonable basis to conclude that the exposure to chemicals at his work place was a substantial factor in bringing about Freels' death. It is this Court's opinion that Dr. Verlangieri is qualified to give an opinion regarding such "cause in fact" and should not be disqualified from testifying because his degree is a Ph.D. instead of an M.D. The Commission's inquiry should be whether the witness is in fact qualified  by knowledge, skill, experience, training or education  not by what degree he holds. It is certain and probable that Ph.D. biochemists and toxicologists are at least equally competent to testify as to the cause and effect of chemicals in our environment as medical doctors.
Further, appellants object that Dr. Verlangieri, in forming his opinion, relied upon medical reports and pathology reports inadmissible under the authority of Georgia-Pacific Corp. v. McLaurin, 370 So.2d 1359, 1360-61 (Miss. 1979) (unsworn medical records not admissible). However, upon close review of the record, this Court can find no objection by the employer insurer as to the authenticity or reliability of the medical reports. The only objection voiced by the employer/insured is that the records upon which Dr. Verlangieri based his opinion were not in evidence. Procedural Rule 8 of the Mississippi Workers' Compensation Law provides:
In compensation hearings the general rules of evidence shall be relaxed so as to permit the introduction of any relevant and competent evidence pertaining to the issue that will throw light on the matter in controversy. There shall be excluded from the record, however, by motion of either party or by the direction of the hearing officer, any matters which are libelous or of a personal nature which do not in the opinion of the hearing officer, have a direct bearing on the case at hand. All other matters sought to be introduced, and which are accepted by the hearing officer over objection of either party, shall become a part of the record with the objection properly shown.
This Court therefore concludes that this objection of appellant is without merit under M.W.C. Procedural Rule 8.
Additionally, the law is clear that the entire testimony given at the hearing before the administrative judge, both medical and lay, admitted in its entirety, must receive a liberal interpretation in order to carry out the spirit of the act. V. Dunn, supra, § 281. L.B. Priester & Son, Inc. v. Dependents of Bynum, 244 Miss. 185, 141 So.2d 246, 142 So.2d 30 (1962).
This decision is in line with that of the Alabama Supreme Court. The Alabama Supreme Court in Police & Fireman's Insurance Association v. Mullins, 69 So.2d 261 (Ala. 1954), involved a toxicologist who testified as an expert. In that case, although the toxicologist's testimony was corroborated by that of a medical physician, the Alabama Court stated:
It is well recognized that the science of toxicology, among other things, treats of poisons and their effects and their treatment and recognition. The witness was shown to have had extensive training and wide experience in this field. His testimony disclosed he was fully conversant with the subject and was therefore properly admitted. It is not the law that only a medical doctor may testify as to physical symptoms on the human being. If the witness is shown to have special qualification in that particular field and knowledge of the subject beyond that of the average laymen so as to give reliable testimony, he is not disqualified. Blakeney v. Alabama Power Co., 222 Ala. 394, 133 So. 16; Hicks v. State, 247 Ala. 439, 25 So.2d 139.
Id. at 266. See also Backes v. Valspar Corp., 783 F.2d 77 (7th Cir.1986) (chemist competent to testify that plaintiff's medical problems caused by chemically contaminated *474 water); Dawsey v. Olin Corp., 782 F.2d 1254 (5th.Cir.1986) (biochemist competent to testify regarding effect of chemical called phosgene on humans); Nicholas v. City of Alton, 107 Ill. App.3d 404, 63 Ill. Dec. 108, 437 N.E.2d 757 (1982) (toxicologist testified exposure to tear gas could have caused decedent's death); Jenkins v. United States, 307 F.2d 637, 644 (D.C. Cir.1962).
In cases requiring expert proof of causal connection of death, testimony of a medical doctor or treating physician is not mandatory. In his treatise, V. Dunn states that medical proof is usually required to carry the affirmative of the issue (causal connection of death) when the connection is not readily apparent. V. Dunn, supra, § 282.
It has been held that the claimant has the burden of proof on the question of causal connection and generally that the proof must rise above mere speculation, conjecture, or possibility, as where the medical testimony is that it could have been one way just as well as the other. On the other hand, it is said that the burden may be carried by circumstantial evidence and, from the medical standpoint, upon reasonable probabilities.
V. Dunn, supra § 273. Prosser, § 41, Law of Torts (4th.Ed. 1971).
Therefore, this Court deems Dr. Verlangieri to be qualified as an expert, and his testimony to be at least prima facie evidence of the causation relationship between the decedent's employment and his death.
In summary, the hearing before the administrative judge adduced the following:
(1) Dr. Verlangieri's testimony that within a 90-95% probability, bronchio-alveolar carcinoma, is caused by exposure to chemicals containing pentachoraphenol.
(2) A certified death certificate listing the cause of death as bronchio-alveolar carcinoma. See: Miss. Code Ann. § 41-57-9 (1972):
Any copy of the records of birth, sickness or death, when properly certified to by the state registrar of vital statistics, to be a true copy thereof, shall be prima facie evidence in all courts and places of the facts therein stated.
See also Massachusetts Protective Association v. Cranford, 137 Miss. 876, 102 So. 171 (1924) a death certificate prima facie proof of the primary physical cause of death.
(3) Lay testimony of the claimant himself establishing his daily exposure to the chemicals, a severe weight loss, shortness of breath, respiratory difficulty, onset of diabetes, and his operation for removal of lung lesions.
(4) Lay testimony of claimant's wife as to the absorption of chemicals on his clothes, the onset of the symptoms described by the claimant and claimant's ultimate death.
On these facts this Court finds the evidence sufficient to make a prima facie case in favor of compensability. Therefore, this Court affirms the result of the circuit court and Workers' Compensation Commission order, which reversed the order of dismissal by the administrative judge and remanded the case to the administrative judge for further hearing. This Court addresses no other issues assigned by appellant on direct appeal. Cross-appeal of claimants is affirmed as to the sufficiency of a prima facie case.
CAUSE REMANDED TO MISSISSIPPI WORKERS' COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
HAWKINS, P.J., not participating.