514 So.2d 327 (1987)
Joyce Elizabeth Daniels JOHNSON and Claude Wayne Daniels
v.
Jerry LADNER.
No. 57690.
Supreme Court of Mississippi.
September 9, 1987.
As Modified on Denial of Rehearing November 18, 1987.
Garnett Harrison, Gulfport, for appellants.
Joe Sam Owen, Owen & Galloway, Gulfport, for appellee.
Before ROY NOBLE LEE, DAN M. LEE and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Joyce Elizabeth Daniels Johnson and Claude Wayne Daniels have perfected an interlocutory appeal from an order of the Chancery Court of Hancock County, ordering a blood test for Joyce Elizabeth Daniels Johnson, Claude Wayne Daniels, Jerry Ladner, and Jerry Wayne Daniels, minor, to determine the paternity of Jerry Wayne Daniels. The interlocutory appeal was denied by the lower court, and was granted by a justice of this Court, along with supersedeas.
Jerry Wayne Daniels was born January 26, 1978, to Joyce Elizabeth Daniels (Johnson). At the time of the child's birth, his mother was married to Claude Wayne Daniels, and they were, and had been, cohabiting as man and wife. The certificate of birth reflected those persons to be the mother and father of the child.
Ladner filed a petition in the Chancery Court of Hancock County against the appellants, seeking to establish paternity in himself, i.e., that he is the natural father of Jerry Wayne Daniels, and, further, seeking revision of the child's birth certificate and *328 for visitation rights. The appellants denied the allegations of the petition and set up as affirmative defenses the statute of limitations and laches. Appellee Ladner filed a motion for blood tests pursuant to Mississippi Code Annotated § 93-9-21 (1972) and requested an order that the appellants, the child, and appellee submit to blood tests.
The lower court ordered the blood test and appointed a guardian ad litem for the child. Thereupon, the appellants filed a motion to reconsider prior to the entry of judgment, alleging that the appellee was barred by the statute of limitations and Mississippi Code Annotated §§ 93-9-9 and 15-1-49 (1972), and that they should have been allowed to present evidence in response to the motion for blood tests.
The chancellor overruled the motion to reconsider, stating that the court has jurisdiction over the parties and the subject matter, and that the court, on its own motion, determined that there was no necessity of any testimony to be taken, over the objections of the appellants.
The lower court made no ruling dealing with the statute of limitations question.
The criteria by which we determine whether to grant interlocutory appeals are set forth in several recent cases. We allow the appeal when we perceive that it may
(1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or
(2) Protect a party from substantial and irreparable injury; or
(3) Resolve an issue of general importance in the administration of justice.
See Sonford Products Corp. v. Freels, 495 So.2d 468, 471 (Miss. 1986); Kilgore v. Barnes, 490 So.2d 894, 896 (Miss. 1986); Southern Farm Bureau Casualty Insurance Co. v. Holland, 469 So.2d 55, 62-64 (Miss. 1985) (Anderson, J., Concurring); cf. State v. Caldwell, 492 So.2d 575, 576-77 (Miss. 1986); American Tobacco Co. v. Evans, 508 So.2d 1057 (Miss. 1987). The question we consider today falls within the second of these criteria, for if appellant is unlawfully forced to submit to the blood test, no appeal from a final judgment would remedy the injury he will have sustained.
We turn now to the merits.

The Blood Test Question
Mississippi Code Annotated § 93-9-21 (1972),[1] provides as follows:
The court, upon motion of the defendant, shall order the mother, the child, and alleged father to submit to blood tests. If any party refuses to submit to such tests, the court may resolve the question of paternity against such party or enforce its order if the rights of others and the interests of justice so require.
This statute gives authority to order blood tests on motion of the defendant, but by its language excludes a motion of any other person. 10 C.J.S. Bastards § 82 (1938), provides that "In the absence of statutory authority, a court in bastardy proceedings may not compel the parties involved to submit to blood tests."
In Baker, by Williams v. Williams, 503 So.2d 249, 254 (Miss. 1987), the Court said:
It is clear that the court may order such blood tests, but according to the statute, it must be upon motion of the defendant. In this case, the defendant... made no such motion. Therefore, no blood tests under Mississippi Code Annotated § 93-9-21 were required.
By § 93-9-21, the legislature provided that the plaintiff in a paternity suit may be required to open himself or herself to the possibility of court-ordered blood test by filing the paternity suit. However, the legislature has seen fit to allow blood tests only on motion of the defendant, who was brought into court against his will. There is a rational basis for requiring a motion to submit to blood tests only on the part of the defendant, since he or she is an unwilling party.

*329 Conclusion

We are of the opinion that the lower court erred in ordering blood tests at the request of the plaintiff/appellee, and the order of the lower court directing the parties to submit to blood tests is vacated. The interlocutory appeal is dismissed without prejudice as to all other matters, and the cause is remanded to the lower court for further proceedings consistent with this opinion.
BLOOD TEST ORDER VACATED AND INTERLOCUTORY APPEAL DISMISSED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.
NOTES
[1] Miss. Code Ann. § 93-9-21 (1972) was amended effective July 1, 1987. The amended statute provides standing to someone in Appellee's position. Upon remand the trial court may now properly entertain Appellee's motion. See 1987 Miss. Laws, Ch. 445.