542 So.2d 244 (1989)
STATE OIL & GAS BOARD
v.
John W. McGOWAN.
No. 58323.
Supreme Court of Mississippi.
March 29, 1989.
*245 Mike Moore, Atty. Gen. by Frank M. Deramus, Sp. Asst. Atty. Gen., Jackson, for appellant.
David K. McGowan, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
This case involves a question of administrative procedure. In a proceeding before the Chancery Court of Hinds County, John McGowan requested the chancellor to order the State Oil & Gas Board to submit to discovery. The chancery court held that the Mississippi Rules of Civil Procedure conferred upon McGowan no right to utilize its discovery procedure against an administrative agency, but that McGowan was entitled to file a pure bill of discovery in chancery to compel testimony of an Oil & Gas Board supervisor. The chancellor would not stay the Oil & Gas Board (Board) proceeding, but allowed an interlocutory appeal on the propriety of his procedural rulings.
This appeal by the State Oil & Gas Board assigns as error the following:
1. The trial court erred in denying the Board's motions to dismiss complaint and to dismiss amendment to complaint.
2. The trial court erred in denying the Board's motions to quash subpoena and for alternate relief.
3. The trial court erred in denying the Board's application requesting interlocutory appeal from the order of the court overruling appellant's motions to dismiss complaint and to dismiss amendment to complaint.
4. The trial court erred in denying the Board's motion for relief from order, or in the alternative to alter or amend or for other relief.
5. The trial court erred in denying the Board's motion to stay or hold in abeyance.
6. The trial court erred in granting McGowan's request for a pure bill of discovery in chancery.

I.
John W. McGowan (McGowan) had pending before the State Oil & Gas Board a proceeding, the merits of which are not involved in this interlocutory appeal. Suffice it to say, McGowan wanted certain information from the Board in order to prepare for hearing on the merits of the pending matter. The Board denied McGowan's request for pre-administrative hearing discovery. McGowan then filed a complaint against the Board in the Chancery Court of the First Judicial District of Hinds County, Mississippi, requesting (1) the Board to respond to all discovery in accordance with the Mississippi Rules of Civil Procedure, and (2) seeking a temporary injunction against the Board from proceeding to hear matters pending before the Board until a reasonable time after the conclusion of discovery. McGowan, in connection with that complaint, had issued a subpoena duces tecum to Dr. A. Richard Henderson, Supervisor of the State Oil & Gas Board.
*246 The Board filed its motion to dismiss the complaint for lack of jurisdiction over the person and the subject matter and for failure to state a claim upon which relief could be granted. In support, the Board argued that the Mississippi Rules of Civil Procedure do not apply to proceedings before an administrative agency such as the Board, that the statutes, rules and regulations of the Board do not provide for discovery as requested, that McGowan had failed to exhaust his administrative remedy and lastly that Miss. Code Ann. § 53-1-41 (Injunctions against Board) was controlling. The Board additionally filed a motion to quash and for alternate relief.
Thereafter, McGowan filed an amendment to complaint characterizing the proceeding as a pure bill of discovery in chancery, ancillary to the proceedings before the Board.
The March 19, 1987, the Chancery Court denied the Board's motion to dismiss complaint and in response the Board filed its application requesting interlocutory appeal from this denial in order to resolve the new or unique principles of law involved in this case i.e., (1) the application of the discovery process provided by the Mississippi Rules of Civil Procedure to proceedings before administrative bodies, agencies and commissions, and (2) the availability, in view of the new rules of civil procedure, of the pure or strict bill of discovery in chancery to obtain a limited form of discovery for use in administrative proceedings. The Board also filed a motion to stay or hold in abeyance the subpoena duces tecum and/or the pure bill of discovery until an interlocutory appeal could be taken to this Court. The Board then filed an answer to the complaint and an answer to amendment to complaint denying the right to a pure bill of discovery in that (1) the discovery sought was not exclusively within the knowledge or the power or custody of the Board, and (2) the discovery was within reasonable reach of McGowan, these being two of the requisites of the bill of discovery.
On March 30, 1987 and April 1, 1987, the trial court conducted a hearing on the pure bill of discovery, and under its subpoena power required Dr. A. Richard Henderson, Supervisor of the Oil & Gas Board, to give testimony. Thereafter, the Court entered its final decree on April 13, 1987, to which McGowan filed a notice of appeal on April 28, 1987, and the Board filed its notice of appeal on May 15, 1987. McGowan, originally the appellant, filed his motion to dismiss, which was granted. The Board now proceeds as appellant. The Chancery Court did not enjoin the Board proceeding under authority of Miss. Code Ann. § 53-1-41 (Supp. 1988).

II.

DID THE CHANCERY COURT ERR IN GRANTING THE INTERLOCUTORY APPEAL?
As of January 1, 1988, applications for interlocutory appeals have been governed by Rule 5, Miss.Sup.Ct.Rules; however, this case was filed prior to January 1, 1988, and Miss. Code Ann. § 11-51-7 (1972) controls interlocutory appeals from Chancery Court, together with this Court's decisions thereunder.
This Court has held that an interlocutory appeal will be granted when it appears that the appeal may settle the controlling principles of law in the case or to settle a new or unique proposition of law. Johnson v. Ladner, 514 So.2d 327 (Miss. 1987); Sonford Products Corp. v. Freels, 495 So.2d 468 (Miss. 1986); Kilgore v. Barnes, 490 So.2d 895 (Miss. 1986); Nelson v. Ethridge, 271 So.2d 730 (Miss. 1973); Calmes v. Weill, 216 So.2d 418 (Miss. 1968). The Board's interlocutory appeal, therefore, has been granted in order to determine the applicability of the discovery process of the Mississippi Rules of Civil Procedure to proceedings before administrative bodies, a question not heretofore addressed by this Court. The interlocutory appeal is proper.

III.

DO THE MISSISSIPPI RULES OF CIVIL PROCEDURE APPLY TO PROCEDURES BEFORE THE STATE OIL & GAS BOARD?
The State Oil & Gas Board contends the Mississippi Rules of Civil Procedure are *247 not applicable to proceedings before an administrative agency, and that the rules and regulations of the Board do not provide for discovery as requested by McGowan. The Board further contends that McGowan failed to exhaust his administrative remedy before the Board.
There appears to be no authority for transplanting the Mississippi Rules of Civil Procedure into administrative proceedings. The scope of the rules, found in Rule 1, M.R.C.P., govern procedures in the circuit courts, chancery courts, and county courts in all suits of a civil nature. Administrative hearings are not included within their purview as the State Oil & Gas Board is not a circuit, chancery or county court.
The general rule in other jurisdictions is that rules of civil procedure do not apply to administrative proceedings unless the rules specifically so provide. A number of state courts have applied this rule. Georgia State Board of Dental Examiners v. Daniels, 137 Ga. App. 706, 224 S.E.2d 820 (1976); International Ass'n of Firefighters, Local 2287, Montpelier v. City of Montpelier, 133 Vt. 175, 332 A.2d 795 (1975); Clary v. National Friction Products, Inc., 259 Ind. 581, 290 N.E.2d 53, 55 (1972); Quaker Oats Co. v. Cedar Rapids Human Rights Com'n, 268 N.W.2d 862, 868 (Iowa 1978); Colgate-Palmolive Co. v. Dorgan, 225 N.W.2d 278, 282 (N.D. 1974). The chancellor was correct in holding that the scope of the rules of civil procedure do not apply to proceedings before the Board.
One source of all procedural rules before the State Oil & Gas Board is the Mississippi Administrative Procedures Law, Miss. Code Ann. § 25-43-1 et seq. (Supp. 1988), which provides:
(1) In addition to other rule-making authority and requirements imposed by law, each agency shall:
(a) Adopt as a rule a description of its organization, stating the general course and method of its operations and the methods whereby the public may obtain information or make submissions or requests.
(b) Adopt rules of practice setting forth the nature and requirements of all formal and informal procedures available, including all requirements respecting the filing of applications for any license and the licensing procedure employed by the agency and the method whereby persons desiring notice of pending applications may obtain such notice and request an opportunity to be heard.
(c) Allow public inspection of all rules and other written statements of policy or interpretations formulated, adopted or used by the agency in the discharge of its functions.
(d) Allow public inspection of all final orders, decisions and opinions.
(2) No agency rule, order or decision is valid or effective against any person or party, nor may it be invoked by the agency for any purpose, until it has been made available for public inspection as herein required. This provision is not applicable in favor of any person or party who has actual knowledge thereof.
Miss. Code Ann. § 25-43-5 (Supp. 1988), effective from and after January 1, 1977.
Additionally, Miss. Code Ann. § 53-1-17 (Supp. 1988) authorizes the State Oil & Gas Board to make "such reasonable rules, regulations and orders as may be necessary from time to time in the proper administration and enforcement of the provisions of §§ 53-1-1 through 53-1-47, inclusive, and §§ 53-3-1 through 53-3-21, inclusive... ." The Board has adopted Rules of Procedure, the last revision of which was August 1, 1987.
This Court has previously addressed the issue of discovery before an administrative board in Hancock Bank v. Gaddy, 328 So.2d 361 (Miss. 1976). In Hancock, the Banking Board had denied a party's efforts to obtain discovery. The assignments of error dealing with discovery were found to be unmeritorious. The Court stated that:
The hearing before the banking board is not an adversary proceeding in the true sense of the term, nor is it a judicial proceeding. The full panoply of pleadings and processes for discovery provided for full-fledged litigants in law and *248 equity courts is not available for use before an administrative board.
Hancock at 364.
The Court notes that the Hancock, supra, decision of 1976 was followed by the passage of the Mississippi Administrative Procedures Act, § 25-43-1 et seq., and the Hancock decision is modified to the extent that it conflicts with the more recent statute.
Having analyzed these statutes, this Court concludes that neither the Administrative Procedures Act, nor the Rules of Procedure of the State Oil & Gas Board, provide for any discovery procedure. Since this controversy is within the original administrative jurisdiction of the Oil & Gas Board, McGowan is subject to hearing under the rules and regulations of that Board. If those rules authorize discovery, then McGowan is entitled to have it; since the rules do not authorize administrative discovery, he is not. As stated in Delta Drilling Co. v. Cannette, 489 So.2d 1378 (Miss. 1986), this Court held:
We emphasize that the Commission is an administrative agency, not a court... . It is a rare day when we will reverse the Commission for an action taken in the implementation and enforcement of its own procedural rules.
Delta Drilling at 1380-81.
Board rules must afford minimum procedural due process which is (1) notice, and (2) opportunity to be heard. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
It should be noted by this Court of two other legislative enactments applicable to administrative boards, (1) the Open Meetings Act, Miss. Code Ann. § 25-41-1, et seq., effective from and after January 1, 1976, and (2) the Public Records Act, Miss. Code Ann. § 25-61-1 et seq., effective from and after July 1, 1983. Any rules of regulations of administrative boards should provide no less access of the public to their proceedings and records than is afforded under these statutes. The chancellor's holding on this issue is affirmed.

IV.

DID THE CHANCERY COURT ERR IN DENYING THE BOARD'S MOTION TO DISMISS THE ORIGINAL AND AMENDED BILL OF DISCOVERY?
The bill of discovery is one of the ancient bills used in equity practice. Griffith, Mississippi Chancery Practice, 1925, § 427 p. 422. The Board argues that the bill is no longer available as a discovery devise in Mississippi practice as it was abolished or rendered obsolete by the Mississippi Rules of Civil Procedure effective January 1, 1982. This Court disagrees with this premise.
Griffith, supra, addresses the Bill of Discovery:
But here is a distinct bill in chancery known, strictly speaking, as the bill of discovery, by the use of which disclosure may be required of material facts exclusively within the knowledge or possession of the defendant and which without such discovery no full and adequate proof of them could be made. It had its origin out of the common law rule that no party in interest was a competent witness in any case; and it began at an early date to be allowed in the court of chancery in order to relieve against what otherwise would have resulted in a denial of justice when it happened that the facts or the documents establishing a right or materially aiding therein rested in the exclusive possession or control of the opposite party; and, originally its office was simply to aid a pending suit at law or one about to be brought, and the chancery part of the proceedings were usually deemed as concluded upon the coming in of the full answer making the disclosures or producing the documents sought. In other words, the obtaining of the discovery was the sole object and end of the bill, no relief other than the discovery being prayed. It was therefore *249 purely ancillary to a trial in some other case and ordinarily in some other forum.
at pp. 422, 423.
Rule 82(a), M.R.C.P. makes clear that nothing in the rules alters the jurisdiction of any court, nor is the power of any court to grant substantive relief changed from what it was before the rules.
It is true that the nomenclature of the legal practice was changed by the abolition of the names of the old writs and procedural names. M.R.C.P. Rule 2. See Dye v. State Ex Rel. Hale, 507 So.2d 332, 337 n. 4 (Miss. 1987). As such, the terminology of a "Bill of Discovery" has been rendered obsolete, and procedurally it is referred to as a "complaint." However, the adoption of the rules affected procedure, not substance. The power and authority of the Chancery Court to grant the substantive relief of "discovery" remains viable and available although it has been broadened and simplified by M.R.C.P. 26-37. The need for this substantive remedy is evident by this lawsuit.
The chancellor was correct in allowing the amendment of the complaint to make the complaint substantively a bill of discovery.
In this case, the matter substantively at issue has by law been committed to the authority and jurisdiction of the State Oil & Gas Board, subject to the Board's procedures. The Chancery Court's authority as to that matter is limited to judicial review.
In Mississippi State Tax Com'n v. Mississippi-Alabama St. F., 222 So.2d 664 (Miss. 1969), this Court stated that:
Our courts are not permitted to make administrative decisions and perform the functions of an administrative agency. Administrative agencies must perform the functions required of them by law. When an administrative agency has performed its function, and has made the determination and entered the order required of it, the parties may then appeal to the judicial tribunal designated to hear the appeal. The appeal is a limited one, however, since the courts cannot enter the field of the administrative agency.
Mississippi State Tax Com'n at 665.
Provision for judicial review of the Board's action is contained in § 53-1-39, Miss. Code Ann. (Supp. 1988), which provides in part:
In addition to other remedies now available, the state, or any interested person aggrieved by any final rule, regulation or order of the board, shall have the right, regardless of the amount involved, of appeal to the Chancery Court of the First Judicial District of Hinds County, Mississippi, or to the chancery court of the county in which all or a part of appellant's property affected by such rule, regulation or order is situated, which shall be taken and perfected as hereinafter provided, within thirty (30) days from the date that such final rule, regulation or order is filed for record in the office of the board; and the said chancery court may affirm such rule, regulation or order, or reverse same for further proceedings as justice may require.
Miss. Code Ann. § 53-1-39(a) (Supp. 1988) (emphasis added).
Judicial review may be had of any final rule, regulation or order of the Board. Prior to an appeal from a final rule, regulation, or order, as contemplated by the statute, the Chancery Court has no jurisdiction to participate in the administrative process and it was error to do so when the effect amounted to an intervention in the pending proceeding. However, a litigant is not shut off from all remedies for discovery merely because the rules of civil procedure do not apply or because the roles of the administrative agency do not promote it. In appropriate cases a "pure bill for discovery" will lie and statutory remedies may be available to the end that due process be afforded.
However, the hearing on the discovery bill has been held, and that question is now moot as to this suit, but this Court holds that this case falls within the exception to the mootness rule where the activity is of short duration, but the length of time required to file an appeal is lengthy. The *250 Court addresses this issue that is capable of repetition, but would otherwise evade judicial review. Pascaqoula Mun. Sep. Dist. v. Doe, 508 So.2d 1081 (Miss. 1987), Strong v. Bostick, 420 So.2d 1356 (Miss. 1982).
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
PITTMAN, J., not participating.