FAIR, J.,
dissenting:
¶ 13. In 1981 the Mississippi Rules of Civil Procedure were adopted by the Supreme Court of Mississippi, to become effective on January 1,1982.
¶ 14. Seven years later in State Oil & Gas Board v. McGowan, 542 So.2d 244 (Miss.1989), the supreme court was presented with the question of whether or not the Rules abolished the common law right to a “Bill of Discovery in Chancery.”
¶ 15. McGowan involved an administrative agency, which was found not to be subject to the Mississippi Rules of Civil Procedure, nor did it provide for discovery in its own rules. The supreme court found that, at least in such context, the common law Bill/Complaint for Discovery proceeding in chancery court was still available. It stated:
The bill of discovery is one of the ancient bills used in equity practice. Griffith, Mississippi Chancery Practice, 1925, § 427 p. 422. The Board argues that the bill is no longer available as a discovery devise in Mississippi practice *322 as it was abolished or rendered obsolete by the Mississippi Rules of Civil Procedure effective January 1, 1982. This Court disagrees with this premise.
Griffith, supra, addresses the Bill of Discovery:
But there is a distinct bill in chancery known, strictly speaking, as the bill of discovery, by the use of which disclosure may be required of material facts exclusively within the knowledge or possession of the defendant and which without such discovery no full and adequate proof of them could be made. It had its origin out of the common law rule that no party in interest was a competent witness in any case; and it began at an early date to be allowed in the court of chancery in order to relieve against what otherwise would have resulted in a denial of justice when it happened that the facts or the documents establishing a right or materially aiding therein rested in the exclusive possession or control of the opposite party; and, originally its office was simply to aid a pending suit at law or one about to be brought, and the chancery part of the proceedings were usually deemed as concluded upon the coming in of the full answer making the disclosures or producing the documents sought, In other words, the obtaining of the discovery was the sole object and end of the bill, no relief other than the discovery being prayed. It was therefore purely ancillary to a trial in some other case and ordinarily in some other forum.
Id. at pp. 422, 423.
Rule 82(a), M.R.C.P. makes clear that nothing in the rules alters the jurisdiction of any court, nor is the power of any court to grant substantive relief changed from what it was before the rules.
It is true that the nomenclature of the legal practice was changed by the abolition of the names of the old writs and procedural names. M.R.C.P. Rule 2. See Dye v. State Ex Rel. Hale, 507 So.2d 332, 337 n. 4 (Miss.1987). As such, the terminology of a “Bill of Discovery” has been rendered obsolete, and procedurally it is referred to as a “complaint.” However, the adoption of the rules affected procedure, not substance. The power and authority of the Chancery Court to grant the substantive relief of “discovery ” remains viable and available although it has been broadened and simplified by M.R.C.P. 26-37. The need for this substantive remedy is evident by this lawsuit.
¶ 16. In Leaf River Forest Products, Inc. v. Deakle, 661 So.2d 188 (Miss.1995), the court relied heavily on McGowan, including the quotations above, in holding that the jurisdiction of a chancellor to grant a “Bill of Peace” also survived enactment of the Rules of Civil Procedure.
¶ 17. The more recent case of Moore v. Bell Chevrolet-Pontiac-Buick-GMC, LLC, 864 So.2d 939 (Miss.2004), similarly dealt with a case involving discovery of information in the hands of an administrative agency, quoting McGowan with approval.
¶ 18. In the case before us, the chancellor dismissed a complaint for discovery on the basis that the information sought applied to a “slip and fall” tort action, more properly vested in the circuit court than in chancery. Kuljis asserts that the filing of a slip and fall tort suit to seek discovery, the allegation of which may or may not be supported by evidence such as video surveillance records and employee reports which Winn Dixie will not disclose, will expose him and his attorney to unnecessary costs and the possibility of a suit against them for wrongfully filing such a suit.
*323 ¶ 19. In this case we are directly presented with the issue of whether or not the jurisdiction of a pure discovery action, formerly called a “Bill of Discovery” and now a “Complaint for Discovery,” remains a viable cause of action within the jurisdiction of the chancery court, whether or not a plaintiff seeks records of an administrative agency or records of a possible tort-feasor.
¶ 20. I would hold that McGowan controls. An action for discovery alone remains viable for those who seek to determine whether or not they have a meritorious cause of action through a time-tested procedure and not one requiring accusations without foundation, motions and hearings, pretrial orders, and scheduling disputes. Therefore, I respectfully dissent.
LEE, C.J., GRIFFIS, P.J., AND GREENLEE, J., JOIN THIS OPINION. JAMES, J., JOINS THIS OPINION IN PART.