Davis *v.* Lowy.

May 24, 1954

No. 39246 66 Adv. S. 6 72 So. 2d 679

*Sam O. Buckley,* Meridian, for appellant.

*Tally D. Riddell, G. F. Dabbs, Jr.,* Quitman, for appellee.

*William Haralson,* Hattiesburg, Amicus Curiae.

289

HALL, J.

On September 7, 1949, Mrs. Martha Josephine Eldridge duly executed her last will and testament, the pertinent provisions of which are as follows:

"Item I. To my niece Emma Clair Lowy I leave my personal property and real estate as it stands in Enterprise, Clarke County, Miss.

"Item II. My money in First National Bank in Meridian, is to be used for a monument on my grave and to pay all outstanding bills such as doctors and nurses fees, and any and all debts which I may owe.

"Item III. I leave to my niece Willie Deane Davis whatever money may be left after all expenses are paid."

On November 10, 1951, Mrs. Eldridge conveyed to Mrs. Lowy by warranty deed her dwelling house and contents and the lot on which the house stands, reserving a life estate. The consideration named in this deed is $2,500.00 "the receipt of which is hereby acknowledged."

Mrs. Eldridge died on February 21, 1953, and her will was thereafter duly admitted to probate. Thereafter a bill of complaint was filed, and subsequently an amended bill was filed by Mrs. Davis in which the Administratrix under the will joined as a party complainant against Mrs. Lowy and her husband wherein it was alleged that the $2,500.00 consideration named in the deed has never been paid and in which a discovery was asked as to whether the same had been paid, and, if so, how and when it was paid, and a judgment was sought against the defendants for the unpaid balance of the purchase price of the land together with a lien upon the land to satisfy the same. A general demurrer was filed by the defendants and sustained by the chancellor, and from that action this appeal is prosecuted by Mrs. Davis. The administratrix c/t/a does not appeal.

Appellant makes three contentions with which we will deal. One is that the lower court erred in sustaining the demurrer, and in this connection it is argued that under the will Mrs. Eldridge left to Mrs. Lowy only her home and its contents and that that bequest lapsed or was adeemed upon the conveyance of that property to Mrs. Lowy, and that the alleged debt owing for the purchase price thereof constitutes money which should go to Mrs. Davis under Item III. We do not agree with appellant's contention. The devise under Item I covered not only the home and its contents but it also covered personal property. The personal property was not restricted by the terms of the will to merely the contents of the home but was broad enough to cover the alleged debt herein sued for. The construction which appellant seeks as to Item I is not to be found in the will and for us to adopt it would necessitate our rewriting the will, which we are not authorized to do.

As to the contention that the indebtedness for the alleged balance due on the purchase price of the house and lot was money which would pass to Mrs. Davis under

Item III, we held in the case of Shackleford v. Dobbs, 216 Miss. 75, 61 So. 2d 669, that the term "money" when used in a will covers only actual money, that is to say, cash on hand or on deposit in bank, unless there is something in the context of the will to indicate that the testator intended otherwise. That decision was followed with approval in In Re Ware's Estate,—Ware v. Ware, 67 So. 2d 704, not yet reported in the State Reports, in which we held that a debt owing to deceased at the time of his death is a chose in action, personal property, and not money. In the will of Mrs. Eldridge she clearly disposed of her money in Items II and III and of her other personal property in Item I. There is nothing in its context to indicate that she intended anything except her money to pass under Items II and III. This being true, if there was any indebtedness owing on the purchase price named in the deed, the same was a chose in action,— personal property,—and passed to Mrs. Lowy under the express terms of the will. The chancellor followed this line of reasoning in sustaining the demurrer and said that if anything was due and was converted into money by the administratrix, then he would be forced under the will to turn the same over to Mrs. Lowy under the will upon dissolution of the estate, and that consequently it would be a vain and foolish thing to proceed further with the suit. We think he was correct in the conclusion reached.

 It is also contended that the chancellor erred in interpreting the will without requiring all the heirs at law to be made parties to the suit. Because of the peculiar nature of the bill of complaint in this cause and the question raised by the demurrer it was necessary for the court to interpret Items I and III of the will as between Mrs. Davis and Mrs. Lowy, just as it has been necessary for us to do in passing upon the appeal as to whether the demurrer should or should not have been sustained, but the lower court's and our interpretation is not under a

proceeding for construction of the will and is not binding upon any of the heirs except Mrs. Davis and Mrs. Lowy and determines the issue only as between them as raised by the bill of complaint. Mrs. Davis came into court relying upon the will and exhibited a copy thereof to her original and amended bills of complaint, and she specifically claimed in her suit that under Item III of the will she was entitled to recover from Mrs. Lowy any unpaid portion of the $2,500.00 consideration named in the deed. Appellant raised the issue herself without bringing in all the heirs and should not be heard to complain in this Court that the court below was without authority to decide the case upon the issue which she raised.

The other contention argued by appellant is that the amended bill is good as a bill of discovery regardless of everything else therein contained and that for this reason the demurrer should not have been sustained. There are two reasons why the bill is not good as a bill of discovery. The first is that it showed no cause of action in favor of complainant and was therefore merely a "fishing bill." In Griffith's Mississippi Chancery Practice, Section 429, it is said: "Although it may be true that the facts and the proof thereof may be within the exclusive possession and keeping of the defendant and although for that reason it may be difficult to state them in such a way as to disclose a meritorious cause of action, nevertheless, since discovery is merely a means to the end of making the necessary proof of a case for relief, the complainant must show himself entitled to relief against the party made defendant without which showing the bill would be only a fishing bill, and therefore not maintainable." Here the bill wholly failed to show that complainant was entitled to any relief against the defendants, regardless of whether the consideration for the deed had been paid or not paid. The other reason why the bill is not good as a bill of discovery is that the

original bill and the amended bill both specifically waived answer under oath. In Griffith's Mississippi Chancery Practice, Section 364, page 350, it is said: "A bill which waives an answer under oath thereby waives the demand for a discovery,—a complainant cannot call on a defendant for any discovery except on condition that the answer be a sworn one with the privileges that belong to a sworn answer."

Affirmed.

*Roberds, P. J.*, and *Kyle, Arrington* and *Ethridge, JJ.*, concur.