GRIFFIN, Justice,
for the Court:
This case, concerning the term “cash” within a will, comes to the Court from the Chancery Court of the First Judicial District of Harrison County, which awarded four certificates of deposit under a cash bequest. We affirm.
On February 9,1981, Thomas A. Mitchell executed a will, which read in part:

Item III

I hereby give, devise and bequeath to my brothers, sisters, or surviving children of my brothers and sisters who may predecease me, a one-fifth (l/5th) interest in all remaining cash possessed by me at the time of my death less the costs of the administration of my estate, and the One Thousand & No/100 ($1,000.00) Dollars bequested to Lois Kelley.
This bequest is hereby made as follows:
1. I hereby give, devise and bequeath l/5th of the cash proceeds to Edward Lee Mitchell of Pensacola, Florida;
2. I hereby give, devise and bequeath l/5th of the cash proceeds to Dow Mitchell of Atmore, Alabama;
3. I hereby give, devise and bequeath l/5th of the cash proceeds to Jessie Mae Mitchell Parker of RFD, Dothan, Alabama;
4. I hereby give, devise and bequeath l/5th of the cash proceeds to Rochelle Elizabeth Mitchell Segrett of Luveme, Alabama;
5. I hereby give, devise and bequeath l/5th of the cash proceeds to be shared equally to the children of Lydia Irene Mitchell Fincannon, being Hugh Marshall, Abigail Fincannon and Michael Fincannon.

Item IV

I hereby give, devise and bequeath my automobile, household furniture, personal property and any and all other property possessed by me wheresoever situated at the time of my death to Betty Lou Bayhi Zimmerman.
In March and November, 1982, Mitchell executed codicils, unrelated to this suit. On February 13, 1984, Mitchell, a widower without children, died, leaving his brothers, sisters, nephews and niece, mentioned in Item III, and his deceased wife’s first cousin, Betty Lou Zimmerman, mentioned in Item IV.
From April 9 to June 1, 1982, Mitchell purchased four certificates of deposit, issued by Magnolia Federal Bank, totalling $70,806.98, plus interest. Zimmerman argues that the certificates of deposit were not “cash,” subject to Item III, but constituted “other property” under Item IV. Consequently, she should take the certificates’ proceeds, not Mitchell’s brothers, sisters, nephews and niece, as the executor requested.
In support, Zimmerman notes that certificates of deposit can be classified as either commercial paper, Miss.Code Ann. § 75-3-104(2)(c) (1972), or investment security, Miss.Code Ann. § 75-8-102 (1972), within the contemplation of the Uniform Commercial Code, unlike cash. Additionally, Zimmerman maintains that the certificates are illiquid, unlike cash. Finally, since Donnie Riley, an attorney, drafted the will, the term “cash” should be read narrowly.
*432 The appellees respond that provisions of the Uniform Commercial Code govern commercial transactions, not wills. They also contend that the certificates of deposit were liquid assets of the estate, since they were subject to withdrawal prior to maturity, without penalty, on the event of death. Finally, the appellees argue that Riley used the term “cash” properly, since other courts, confronted with a similar factual situation, have construed certificates of deposit as cash.
In Shackleford v. Dobbs, 216 Miss. 75, 82, 61 So.2d 669, 671 (1952), where the Court found that United States Savings Bonds and postal savings certificates were not “money” under a will, we favorably quoted an annotation found in 93 A.L.R. 514, 516, where it is stated, “The words ‘any cash left by me’ ... mean money in the possession of the testatrix or on deposit in bank.” Similarly, in Davis v. Lowy, 221 Miss. 283, 291, 72 So.2d 679, 680 (1954), the Court found that “ ‘money’ when used in a will covers only actual money, that is to say, cash on hand or on deposit in bank....”
Consistent with the above, in Duling v. Duling’s Estate, 211 Miss. 465, 481, 52 So.2d 39, 46 (1951), the Court found that the testatrix’s references to “any other cash that I may possess” included the balance within her checking account.
Although this Court has not specifically addressed whether certificates of deposit are cash under a will, other courts, as noted, have. In Succession of Jones, 369 So.2d 1143, 1154 (La.Ct.App.1979), the Louisiana Court of Appeals held that “all remaining cash” included currency, coins, savings and loan deposits, bank checking and savings accounts and certificates of deposit.
In Odom v. Odom, 238 Ga. 733, 734, 235 S.E.2d 29, 30-31 (1977), the Georgia Supreme Court, looking to the testator’s intentions, held that “cash which I have at the time of my death in banks or otherwise” encompassed savings certificates.
In In Re Estate of O’Connell, 29 Cal. App.3d 526, 532, 105 Cal.Rptr. 590, 593 (1972), the California Court of Appeals, looking to the testatrix’s intentions, held that “all cash remaining in my savings and checking accounts” included a certificate of deposit.
Similarly, in In Re Estate of Morris, 15 Ariz.App. 378, 381-82, 488 P.2d 1015, 1019-20 (1971), the Arizona Court of Appeals, looking to the testatrix’s intentions, held that a certificate of deposit passed under a will’s disposition of “cash.”
In In Re Estate of Irwin, 25 Ohio Misc. 151, 155, 266 N.E.2d 596, 599 (1969), the Ohio Court of Common Pleas held that “cash money” included certificates of deposit.
In In Re Johnston’s Estate, 190 Iowa 679, 683, 180 N.W. 740, 741 (1921), the Iowa Supreme Court held that “cash I may have on hand at the time of my death” included certificates of deposit, noting that although a certificate of deposit was a negotiable instrument, any “ ‘cash on hand’ in a literal sense is virtually nonexistent. The more the ‘cash’ the less the likelihood that it will be kept literally ‘in hand’.”
Finally, in In Re Offutt’s Estate, 159 Mo.App. 90, 95-6, 139 S.W. 487, 488-9 (1911), the Missouri Court of Appeals held that “all cash on hand and in the bank at the time of my death” included a certificate of deposit.
In opposition, the Texas Supreme Court held in Thompson v. Thompson, 149 Tex. 632, 236 S.W.2d 779, 790-1 (1951), that the certificates of deposit in question were not “cash money on hand,” since the instruments were “not payable on demand, and the money was not available to the testator at the time of his death.”
As in several cases, cited above, this Court has consistently held that the intentions of the testator are controlling. Tinnin v. First Bank of Mississippi, 502 So.2d 659, 663 (Miss.1987), Shriners Hospitals for Crippled Children v. Coltrane, 465 So.2d 1073, 1076 (Miss.1985), May v. Hunt, 404 So.2d 1373,1376 (Miss.1981), Malone v. Malone, 379 So.2d 926, 928 (Miss.1980), Hemphill v. Robinson, 355 So.2d 302, 306 (Miss.1978). Here, Donnie Riley’s affidavit states that “both he and the Testator re *433 garded savings accounts, checking accounts, certificates of deposit and physical coins and currency as ‘cash’ as used in the original will,”. Although Zimmerman argues that such a statement is meaningless, since the will pre-dated the certificates of deposit, it is significant that Mitchell executed a codicil, which acted to republish the will, subsequent to their purchase. See, Ramsey v. Robinson, 346 So.2d 379, 381 (Miss.1977), In re Will of Loeb, 206 So.2d 615, 618 (Miss.1968).
Additionally, the certificates of deposit named Joseph Corley, the estate’s executor, as a joint tenant with right of survivor-ship. Corley though made no claim to the funds; rather, in the final accounting, he attempted to disburse the certificates’ “cash proceeds” under the provisions of Item III, presumably foregoing his own interests in favor of Mitchell’s intentions.
Finally, although the Uniform Commercial Code may govern whether a certificate of deposit passes to the estate or under a presumed joint tenancy, In the Matter of the Estate of Holloway, 515 So.2d 1217, 1222 (Miss.1987), Thomas v. Estate of Eubanks, 358 So.2d 709, 713 (Miss.1978), it does not determine who takes a certificate of deposit, once in the estate. Indeed, Zimmerman fails to cite a single case which has adopted her argument.
We hold then that under the facts of this case, Mitchell intended to pass the certificates of deposit as “cash” within the provisions of his will.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.