# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00007-COA

WILLIAM W. SATTERFIELD                                          APPELLANT

v.

THE STATE OF MISSISSIPPI; THE                                  APPELLEES
DEPARTMENT OF HUMAN SERVICES, A
DEPARTMENT OF THE STATE OF
MISSISSIPPI; THE MISSISSIPPI PERSONNEL
BOARD, A POLITICAL SUBDIVISION OF THE
STATE OF MISSISSIPPI; PHIL BRYANT, AS
GOVERNOR OF THE STATE OF MISSISSIPPI;
RICHARD A. BERRY, AS EXECUTIVE
DIRECTOR OF THE MISSISSIPPI
DEPARTMENT OF HUMAN SERVICES;
WALLY NAYLOR, AS OFFICE DIRECTOR II
OVER FAMILY FOUNDATIONS AND
SUPPORT; AND DEANNE MOSELY, AS
DIRECTOR OF THE MISSISSIPPI PERSONNEL
BOARD

| | |
|---|---|
| DATE OF JUDGMENT: | 12/13/2013 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM WARREN SATTERFIELD (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: DOUGLAS T. MIRACLE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES' MOTION TO DISMISS |
| DISPOSITION: | AFFIRMED: 03/03/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

BEFORE LEE, C.J., ISHEE AND FAIR, JJ.

FAIR, J., FOR THE COURT:

¶1.     William Satterfield was employed by the Mississippi Department of Human Services (DHS) as a child support enforcement attorney. Satterfield filed a lawsuit against the State and various agencies and officials (collectively "the State") contending that his position was underpaid. He alleged the violation of numerous statutes and asserted various theories entitling him to relief, including damages for negligence. The chancery court granted the State's motion to dismiss for failure to state a claim upon which relief can be granted.

¶2.     We affirm the dismissal because Satterfield has failed to show that it was erroneous.

## STANDARD OF REVIEW

¶3.     Mississippi Rule of Evidence 12(b)(6) "tests the legal sufficiency of a complaint, and provides that dismissal shall be granted to the moving party where the plaintiff has failed to state a claim upon which relief can be granted." *Chalk v. Bertholf*, 980 So. 2d 290, 293 (¶4) (Miss. Ct. App. 2007). This is a question of law subject to de novo review on appeal. *Little v. Miss. Dep't of Transp.*, 129 So. 3d 132, 135 (¶5) (Miss. 2013).

¶4.     This Court's review of an appeal from the granting of a motion to dismiss is de novo, meaning that if the trial court states its reasons for granting the motion, they may be helpful guidance to the parties and this Court on appeal; but the trial court's rationale is not controlling. Instead, the judgment will not be reversed as long as the trial court reached the right result, even if it was for the wrong reason. *Entergy Miss. Inc. v. Richardson*, 134 So. 3d 287, 292 (¶12) (Miss. 2014). Even when our review is de novo, the trial court's judgment is always presumed to be correct, and the burden falls upon the appellant to show reversible error. *Jordan v. State*, 995 So. 2d 94, 103 (¶14) (Miss. 2008). If the appellant fails to

2

demonstrate reversible error, the judgment must be affirmed.

## DISCUSSION

¶5.     Satterfield enumerates eight issues on appeal, but his arguments often overlap and sometimes bear little relation to the issues he has identified. We have done our best to sort through Satterfield's brief, but we will address only those issues that have been "distinctly identified" and adequately supported by argument and authority. *See* M.R.A.P. 28(a)(3), (6).

¶6.     When the appeal is from the granting of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, it is the appellant who must show that he did, in fact, state a claim upon which relief can be granted. To do so, he should clearly identify each of his causes of action, explain what the elements are, and then show that he has properly alleged facts entitling him to relief under the controlling law. Satterfield does not do this; he makes piecemeal attacks on the various defects suggested by the trial court when granting the motion to dismiss, while just assuming his causes of action are otherwise well pled. Although that may suffice in a more straightforward case, Satterfield's claims are novel, and, for the most part, he has never clearly articulated what causes of action he is pursuing. Since this Court will not engage in advocacy on behalf of one of the parties, we will not attempt to substantiate Satterfield's claims when he has not done so himself. As this Court recently said in *Jefferson v. State*, 138 So. 3d 263, 265 (¶9) (Miss. Ct. App. 2014) (citation omitted):

> An appellant cannot give cursory treatment to an issue and expect this Court to uncover a basis for the claims, either in the record or in the law. Simply put, we will not act as an advocate for one party to an appeal. The appellant must

3

affirmatively demonstrate error in the court below, and failure to do so waives an issue on appeal.

### 1. "Violation of Statute"

¶7. Satterfield contends that he sufficiently alleged violation of several statutes, particularly Mississippi Code Annotated sections 43-19-37 and 43-19-61 (Rev. 2009), which he argues require the establishment of a special fund that would be used for (among other things) paying his salary. Satterfield also contends that moneys recovered by child support enforcement attorneys are supposed to be paid into this fund, but are instead commingled into a more general fund which is also used for other purposes. Satterfield seems to suggest that if the money was properly segregated, more of it would be available to pay him a higher salary. He also complains that other statutes have been violated: one that requires that child support enforcement attorneys' salaries be set "in accordance with" those of assistant attorneys general, and another requiring the Mississippi Personnel Board to conduct an annual survey and raise the starting step of child support attorneys' salaries "accordingly."

¶8. "Violation of statute" in and of itself is not a cognizable cause of action. We find that no error has been shown in dismissing these claims.

### 2. "Injunction and Mandamus"

¶9. Satterfield does allege, at the end of his complaint, that he is entitled to an "injunction and mandamus," and this appears to be directed toward the aforementioned alleged statutory violations. Indeed, the gravamen of Satterfield's claims seems like it should be for mandamus. But even if we accept his allegation that the statutes were violated, it is not

4

obvious that Satterfield has stated a valid claim for a mandamus or injunction.

¶10.    In his brief on appeal Satterfield never actually tries to show that he is entitled to an injunction or mandamus.  The only mention of either is in response to the State's assertion that he has no standing to pursue mandamus – Satterfield claims that the issue is "arguably . . . moot," apparently because the chancery court did not cite standing when it explained its decision to grant the motion to dismiss.

¶11.    Although our review is de novo, the appellant is not relieved of his burden to show error.  As Satterfield has essentially abandoned these causes of action, we find no error in their dismissal.

### 3.  "Negligence"

¶12.    Satterfield also attempts to couch his claims relating to the alleged statutory violations as a negligence cause of action.  Most of the parties' briefing on appeal is directed to the issue of whether these novel negligence claims are barred by the Mississippi Tort Claims Act.

¶13.    This emphasis is misplaced because the negligence claims are without merit for a different reason:  Not all statutes create a duty of care in tort.  Instead:

[T]he standard of conduct of a reasonable person may be:

(1) established by a legislative enactment or administrative regulation that so provides;

(2) adopted by the court from a legislative enactment or administrative regulation that does not so provide;

(3) established by judicial decision; or

5

> (4) applied to the facts of the case by the trial judge or the jury, if there is no such enactment, regulation, or decision.

57A Am. Jur. 2d *Negligence* § 683 (2004) (quoting Restatement (Second) of Torts § 285 (1964)). None of the various statutes cited by Satterfield expressly define a standard of care, nor have they ever been interpreted to do so. Satterfield does not make any effort to show that they should.

¶14.     In a negligence action, the plaintiff must show "the existence of the conventional tort elements of duty, breach of duty, proximate causation, and injury." *Palmer v. Biloxi Reg'l Med. Ctr.*, 564 So. 2d 1346, 1355 (Miss. 1990). By failing to substantiate his negligence claims, Satterfield has abandoned them.

### 4. "Accounting"

¶15.     Finally, Satterfield alleged that he was entitled to an accounting of some sort, but, although the dismissal of this claim is stated to be an issue on appeal, it is not briefed; Satterfield states that it is "arguably . . . moot and a non issue."

### 5. Transferring the Case

¶16.     Satterfield also contends the chancery court erred in dismissing his case because it should have been transferred to a circuit court instead. The authorities Satterfield cites concern the dismissal of a case *because it was filed in the wrong court*. Even if we assume the chancery court should not have exercised jurisdiction, reversal cannot be made on that basis alone. *McLean v. Green*, 352 So. 2d 1312, 1314 (Miss. 1977) (citing Miss. Const. art. 6, § 147). This contention is without merit.

6

**6. Leave to Amend**

¶17.    Finally, Satterfield contends that the trial court erred in not permitting him to amend his complaint in response to the granting of the motion to dismiss.  Satterfield's motion for leave to amend requested that the attorney general be brought into the suit as a party and that Satterfield be granted an accounting and relief for "violation of statute."  Again, Satterfield fails to show that he stated a claim upon which relief can be granted.  There is no error in denying leave to amend when the amendment would be futile.  *Merideth v. Merideth*, 987 So. 2d 477, 482 (¶14) (Miss. Ct. App. 2008).  No reversible error has been shown under this issue.

¶18.    **THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED.   ALL   COSTS   OF   THIS   APPEAL   ARE   ASSESSED   TO   THE APPELLANT.**

    **LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.**