# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01428-COA

| | |
|---|---|
| ELIZABETH GRAHAM AND MATTHEW GRAHAM | APPELLANTS |

v.

| | |
|---|---|
| JAMES R. "JAMIE" FRANKS, JR. AND WHEELER AND FRANKS LAW FIRM, P.C. | APPELLEES |

| | |
|---|---|
| DATE OF JUDGMENT: | 08/25/2015 |
| TRIAL JUDGE: | HON. MILLS E. BARBEE |
| COURT FROM WHICH APPEALED: | LEE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | MICHAEL LEE DULANEY |
| | D. KIRK THARP |
| ATTORNEYS FOR APPELLEES: | ANDREW J. KILPATRICK JR. |
| | ASHLEY NOBILE LANE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DISMISSED COMPLAINT FOR FAILURE TO STATE A CLAIM |
| DISPOSITION: | REVERSED AND REMANDED: 01/10/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

FAIR, J., FOR THE COURT:

¶1. Elizabeth and Matthew Graham filed a "Complaint for Discovery, Accounting, and Return of Property" against their former attorney and his law firm. The chancellor recognized that the complaint sought information supporting claims of breach of contract, breach of fiduciary duty, conversion or replevin of property, "and/or additional relief in accord with the facts and circumstances at issue" but dismissed the complaint because "none of those causes of action are [actually] pled."

¶2.     We conclude that this was in error – the complaint alleged that the Grahams were entitled to discovery and an accounting, both of which are viable causes of action in chancery court under Mississippi law.  We reverse and remand for the chancery court to proceed on the complaint.

**FACTS**

¶3.     The complaint alleged that in 2013, the Grahams – Elizabeth and her son Matthew – retained the Wheeler and Franks Law Firm to defend Matthew in a criminal case.  A contract for legal services was signed by Matthew, which provided for a fixed attorney's fee of $75,000.  Matthew also executed a power of attorney in favor of his mother, who signed a separate contract agreeing to pay the $75,000 fee.

¶4.     The Grahams allege that after executing the flat fee contract, attorney James Franks Jr. used threats of a negative outcome in Matthew's case to manipulate the Grahams into surrendering valuable property and making additional cash payments, in a total far in excess of the contract amount.  After Elizabeth balked at Franks's demand that she sell him her business for much less than it was worth, she retained attorney M. Lee Dulaney.  Matthew eventually also retained Dulaney as his attorney, but Franks refused Dulaney's various requests for documents and explanations of the services rendered and fees charged, as well as his demands that Franks return payments and property tendered in excess of the contract amount.

¶5.     The Grahams then filed their "Complaint for Discovery, Accounting, and Return of

Property." On Franks's motion, the chancellor dismissed the complaint under Mississippi Rule of Civil Procedure 12(b)(6) for failing to state a cause of action against Franks. The chancery court found that the Grahams were seeking information to support claims of: (1) breach of contract; (2) breach of fiduciary duty; (3) conversion or replevin of property; and (4) additional relief, but that "none of those causes of action [were actually pleaded] in [the Grahams'] complaint." Rather, the chancellor held the Grahams' claims were "based entirely on alleged violations of the [Mississippi] Rules of Professional Conduct." And "such claims, standing alone, are insufficient to support the . . . requests for relief." The Grahams appeal.

## STANDARD OF REVIEW

¶6.　"Mississippi Rule of Civil Procedure 12(b)(6) 'tests the legal sufficiency of a complaint, and provides that dismissal shall be granted to the moving party where the plaintiff has failed to state a claim upon which relief can be granted.'" *Satterfield v. State*, 158 So. 3d 380, 382 (¶3) (Miss. Ct. App. 2015) (citation omitted). "This is a question of law subject to de novo review on appeal." *Id.* (citation omitted).

¶7.　Mississippi Rule of Civil Procedure 8(a) requires:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain
>
> > (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and,
> >
> > (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

3

¶8. We agree with Franks and the chancellor that violation of the Mississippi Rules of Professional Conduct does not in and of itself create a cause of action. *See Estate of Martin v. Hixson*, 145 So. 3d 1124, 1132-33 (¶19) (Miss. 2014). But while it is true that the complaint asserts that Franks violated various Rules of Professional Conduct, those allegations appear to be surplusage. It is apparent that the gravamen of the complaint is, as it is entitled, for discovery and an accounting.

¶9. This appeal hinges on Franks's assumption in his Rule 12(b)(6) motion that complaints for discovery and accounting do not state a cause of action in and of themselves, as Franks has never challenged any particular element of either claim. The dispositive question therefore appears to be whether a complaint that seeks only discovery or an accounting states a cause of action under Mississippi law.

¶10. It is beyond dispute that a complaint for an accounting is a valid cause of action under Mississippi law: "A Mississippi chancery court holds the authority to hear a case for an accounting." *Univ. Nursing Assocs. PLLC v. Phillips*, 842 So. 2d 1270, 1275 (¶14) (Miss. 2003); *Crowe v. Smith*, 603 So. 2d 301, 307-08 (Miss. 1992). The remedy sought by an accounting is the accounting itself "and a judgment for the amount found due upon the accounting." 1A C.J.S. *Accounting* § 54 (2005). And "the jurisdiction of a court of equity over matters of account rests upon three grounds[:] the need of a discovery, the complicated character of the accounts, and the existence of a fiduciary or trust relation." *Phillips*, 842 So.

2d at 1275 (¶14) (quoting *Henry v. Donovan*, 148 Miss. 278, 114 So. 482, 484 (1927)). All of those appear to have been alleged in the Grahams' complaint.

¶11.   Next, we address the complaint for discovery in chancery, for the second time this year.[1] We are now presented with the issue of whether the pure discovery action – formerly a "bill of discovery" and now called a "complaint for discovery" – remains a viable and independent cause of action within chancery court jurisdiction. We hold that it does.

¶12.   In March of 1981 the Mississippi Rules of Civil Procedure were adopted by the Supreme Court of Mississippi, to become effective on January 1, 1982. Seven years later, in *State Oil & Gas Board v. McGowan,* 542 So. 2d 244 (Miss. 1989), the supreme court was presented with the question of whether the new rules had abolished the common law right to a "Bill of Discovery in Chancery." It found that they had not:

> The bill of discovery is one of the ancient bills used in equity practice. Griffith, *Mississippi Chancery Practice*, 1925, § 427 p. 422. The Board argues that the bill is no longer available as a discovery devise in Mississippi practice as it was abolished or rendered obsolete by the Mississippi Rules of Civil Procedure effective January 1, 1982. This Court disagrees with this premise.
>
> *Griffith*, *supra*, addresses the Bill of Discovery:
>
> > But there is a distinct bill in chancery known, strictly speaking, as the bill of discovery, by the use of which disclosure may be required of material facts exclusively within the knowledge or possession of the defendant and which without such discovery no full and adequate proof of them could be made. It had its

---

[1] *See Kuljis v. Winn-Dixie Montgomery LLC*, 2015-CA-00256-COA, 2016 WL 1203823 (Miss. Ct. App Mar. 29, 2016), *reh'g denied* (Aug. 23, 2016), *cert. granted* (Nov. 17, 2016).

origin out of the common law rule that no party in interest was a competent witness in any case; and it began at an early date to be allowed in the court of chancery in order to relieve against what otherwise would have resulted in a denial of justice when it happened that the facts or the documents establishing a right or materially aiding therein rested in the exclusive possession or control of the opposite party; and, originally its office was simply to aid a pending suit at law or one about to be brought, and the chancery part of the proceedings were usually deemed as concluded upon the coming in of the full answer making the disclosures or producing the documents sought. In other words, the obtaining of the discovery was the sole object and end of the bill, no relief other than the discovery being prayed. It was therefore purely ancillary to a trial in some other case and ordinarily in some other forum.

*Id.* at pp. 422, 423.

Rule 82(a), M.R.C.P. makes clear that nothing in the rules alters the jurisdiction of any court, nor is the power of any court to grant substantive relief changed from what it was before the rules.

It is true that the nomenclature of the legal practice was changed by the abolition of the names of the old writs and procedural names. M.R.C.P. Rule 2. *See Dye v. State Ex Rel. Hale*, 507 So. 2d 332, 337 n.4 (Miss. 1987). As such, the terminology of a "Bill of Discovery" has been rendered obsolete, and procedurally it is referred to as a "complaint." However, the adoption of the rules affected procedure, not substance. The power and authority of the Chancery Court to grant the substantive relief of "discovery" remains viable and available although it has been broadened and simplified by M.R.C.P. 26-37. The need for this substantive remedy is evident by this lawsuit.

*McGowan*, 542 So. 2d at 248-49.

¶13. In addition to *McGowan,* only two Mississippi Supreme Court cases have addressed historical chancery court "bills" for relief in the context of the Mississippi Rules of Civil Procedure. In *Leaf River Forest Products Inc. v. Deakle*, 661 So. 2d 188 (Miss. 1995), the

6

court relied heavily on *McGowan*, including the quotations above, in holding that the jurisdiction of a chancery court to grant a "bill of peace," like a "bill of discovery," had also survived enactment of the Rules of Civil Procedure. The more recent case of *Moore v. Bell Chevrolet-Pontiac-Buick-GMC LLC,* 864 So. 2d 939 (Miss. 2004), also relied on and quoted *McGowen* with approval.

¶14.    While it is true that the complaint for discovery requires a meritorious underlying cause of action if it is to be the sole basis for equitable jurisdiction,[2] the chancellor observed that there were numerous ones here; the complaint was dismissed not because there was no underlying cause of action but because the complaint did not seek relief for one. The Supreme Court of Mississippi has recognized, however, that a complaint for discovery has discovery itself as the substantive relief sought – "the sole object and end of the bill, no relief other than the discovery being prayed." *McGowan*, 542 So. 2d at 248. "Rule 82(a) [of the Mississippi Rules of Civil Procedure] makes clear that nothing in the rules alters the jurisdiction of any court, nor is the power of any court to grant substantive relief changed from what it was before the rules." *Id.* at 249.

¶15.    As both discovery and accounting remain independent causes of action under Mississippi law, and Franks has never argued the insufficiency of the Grahams' allegations on any specific element of either, we conclude that the trial court erred in granting the motion

---

[2] *See Davis v. Lowry*, 221 Miss. 283, 292, 72 So. 2d 679, 681 (1954); *see also* James W. Shelson*, Mississippi Chancery Practice* § 18:2 (2016).

7

to dismiss for failure to state a claim upon which relief can be granted.  We remand the case

for further proceedings consistent with this opinion.

¶16.    **THE JUDGMENT OF THE CHANCERY COURT OF LEE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON AND GREENLEE, JJ., CONCUR.  IRVING, P.J., AND WILSON, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., NOT PARTICIPATING.**