# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CT-00256-SCT

*CYNTHIA KULJIS*

*v.*

*WINN-DIXIE MONTGOMERY, LLC*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2015 |
| TRIAL JUDGE: | HON. CARTER O. BISE |
| TRIAL COURT ATTORNEYS: | DAVID W. STEWART |
| | JAMES K. WETZEL |
| | GARNER J. WETZEL |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | GARNER J. WETZEL |
| | JAMES K. WETZEL |
| ATTORNEYS FOR APPELLEE: | DAVID W. STEWART |
| | BRIAN C. WHITMAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 03/30/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Cynthia Kuljis appeals the chancery court's dismissal of her Bill of Discovery for lack

of subject-matter jurisdiction. The Bill sought discovery related to a prospective premises-

liability and personal-injury claim. Finding the actions of the chancery court were correct as

a matter of law, we affirm the Court of Appeals' judgment and the chancery court's dismissal

of this case.

### FACTS AND PROCEDURAL HISTORY

¶2.     Cynthia Kuljis alleges she suffered injuries when she tripped on a piece of rubber holding down a carpet in the Winn-Dixie grocery store in D'Iberville, Mississippi. As a result, she filed a Complaint for Discovery in the Harrison County Chancery Court, requesting that the chancellor order Winn-Dixie to "produce incident reports, photographs, video surveillance, investigation reports, work orders, witness statements of the incident in question and all other information that may be in their possession." Winn-Dixie moved to dismiss, arguing Kuljis must first file a complaint for negligence in the circuit court and obtain discovery through the Mississippi Rules of Civil Procedure.

¶3.     The chancellor dismissed Kuljis's complaint, finding she could not pursue a complaint for discovery in chancery court when the Mississippi Rules of Civil Procedure provided her an adequate opportunity for discovery in circuit court. Kuljis appealed, and the Mississippi Court of Appeals affirmed. *Kuljis v. Winn-Dixie Montgomery, LLC*, 2016 WL 1203823, *1 (Miss. Ct. App. Mar. 29, 2016). We granted certiorari.

## DISCUSSION

¶4.     The bill of discovery is a viable equitable action and remedy in chancery court, but not under the facts of this case. Kuljis seeks discovery in chancery court for a trip and fall at a Winn-Dixie grocery store. Yet the chancery court lacks jurisdiction over personal-injury actions. *See* Miss. Const. art. 6, § 159 (1890). To distinguish between the chancery court's and circuit court's subject-matter jurisdiction, "the substance of the action . . . should be controlling on the issue, not its form or label." *Briggs & Stratton Corp. v. Smith*, 854 So. 2d 1045, 1049 (Miss. 2003) (quoting *Tillotson v. Anders*, 551 So. 2d 212, 214 (Miss. 1989)).

2

In addition, where doubts exist regarding the legal or equitable nature of a case, the case should be tried in the circuit court. ***Southern Leisure Homes, Inc. v. Hardin***, 742 So. 2d 1088, 1090 (Miss. 1999).

¶5.     The bill of discovery is an original action that may be pursued when there is no other remedy, as set out in ***State Oil & Gas Board v. McGowan*** and ***Moore v. Bell Chevrolet-Pontiac-Buick-GMC, LLC***. ***McGowan*** involved an administrative proceeding before the Mississippi Oil and Gas Board where McGowan sought additional discovery to prepare for a hearing. ***State Oil & Gas Bd. v. McGowan***, 542 So. 2d 244, 245 (Miss. 1989). After the Board denied his request, he filed a Bill of Discovery in chancery court. ***Id.*** The ***McGowan*** Court found that the Bill of Discovery was a viable action, as administrative proceedings specifically are excluded from the Mississippi Rules of Civil Procedure and no discovery mechanism exists under the Administrative Procedures Act. ***Id***. at 247. Despite finding that the Bill of Discovery was an appropriate procedural device, the Court found that, because discovery was not permitted under the Oil and Gas Board's rules, it could not be sought by McGowan through a bill of discovery. ***Id***. at 248.

¶6.     In ***Moore***, this Court found that a bill of discovery was a viable means to obtain discovery in conjunction with administrative proceedings. ***Moore v. Bell Chevrolet-Pontiac-Buick-GMC, LLC***, 864 So. 2d 939, 947 (Miss. 2004). However, the Court found that it was not permitted there because the parties seeking it had not "demonstrate[d] that they were diligent or [had] made reasonable efforts to exhaust other avenues of obtaining the information without proceeding in [the] trial court on a complaint for discovery." ***Id.***

¶7.     Filed by way of Citation to Supplemental Authorities pursuant to Mississippi Rule of Appellate Procedure 28(k), Kuljis cites the recent decision of *Elizabeth Graham and Matthew Graham v. James "Jaime" R. Franks, Jr. And Wheeler and Franks Law Firm, P.C.* in support of her Bill of Discovery. *Graham v. Franks*, No. 2015-CA-01428-COA, 2017 WL 194268 (Miss. Ct. App. Jan. 10, 2017).[1] The Grahams retained Franks for representation in a criminal matter for a fixed fee. The Grahams alleged that, notwithstanding the fixed-fee contract, Franks demanded, and they paid, additional money and gave what is described as valuable property in excess of the fixed fee. *Id.* Becoming disenchanted with the representation, the Grahams hired different counsel and sought documentation and explanation for the fees Franks had charged. *Id.* When rebuffed, the Grahams filed their "[c]omplaint for [d]iscovery, [a]ccounting, and [r]eturn of [p]roperty" in chancery court. *Id.* The trial court dismissed the complaint for failure to plead the specific causes of action. *Id.*

¶8.     The Court of Appeals reversed, holding that a complaint for discovery and accounting is a viable, standalone, cause of action, properly subject to equitable jurisdiction in chancery court. That court found that "[i]t is beyond dispute that a complaint for an accounting is a valid cause of action under Mississippi law . . . [and] '[a] Mississippi chancery court holds the authority to hear a case for an accounting.'" *Graham v. Franks*, 2017 WL 194268, at *2 (quoting *Univ. Nursing Assocs. PLLC v. Phillips*, 842 So. 2d 1270, 1275 (Miss. 2003)). The court also stated that "[t]he Supreme Court of Mississippi has recognized . . . that a complaint for discovery has discovery itself as the substantive relief sought—'the sole object and end

---

[1]This case is subject to rehearing.

4

of the bill, no relief other than the discovery being prayed.'" ***Id.*** (quoting ***McGowan***, 542 So. 2d at 248.) The Court of Appeals also addressed the issue of the return of property, stating "[t]he remedy sought by an accounting is the accounting itself 'and a judgment for the amount found due upon the accounting.'" ***Id.*** (citing 1A C.J.S. *Accounting* § 54 (2005)).

¶9.     ***Graham v. Franks*** provides Kuljis no support. The discovery she desires is not itself the relief she seeks. It is only incidental to an action at law for which a justiciable claim already has been articulated in her complaint, and for which there is no jurisdiction in chancery court.

¶10.    Kuljis also contends that a bill of discovery would prevent her from filing a frivolous lawsuit. However, avoidance of Rule 11(b) sanctions does not provide support for Kuljis's Bill of Discovery. Winn-Dixie's stated failure to respond to a letter seeking this information provides a sound and reasoned basis for maintaining a civil action and attendant discovery for Kuljis's claim. This Court has reversed the use of Rule 11 sanctions where a plaintiff made an arguable claim and filed a pleading in good faith. ***Milliken & Michaels, Inc. v. Fred Netterville Lumber Co.***, 676 So. 2d 266, 270 (Miss. 1996); ***McDonald's Corp. v. Robinson Indust., Inc.***, 592 So. 2d 927, 935 (Miss. 1991). Further, the comment to Mississippi Rule of Professional Conduct 3.1 states that "[t]he filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence *only by discovery*." (Emphasis added.) Kuljis already provides a "short and plain statement of the claim showing

5

. . . the relief to which [she] deems [herself] entitled." Miss. R. Civ. P. 8. Kuljis's complaint states:

> Plaintiff would show that on July 27, 2013, Plaintiff, Cynthia Kuljis, was a guest patron at the Defendant's place of business in D'Iberville, Mississippi. Plaintiff, Cynthia Kuljis, was walking into the store of the Defendant's place of business when suddenly and without warning, Plaintiff tripped over a piece of rubber sticking up, which was suppose to hold down the carpet, falling face first onto the floor. Plaintiff would show that she has sustained serious and permanent medical injuries.

¶11. The authoritative work on chancery court practice written long before the adoption of the Mississippi Rules of Civil Procedure references a need to exhaust other available means for obtaining the information prior to filing a bill of discovery. As stated in *Mississippi Chancery Practice*, the relief is available when "it is not within the reasonable reach of the complainant to obtain [the information] without the aid of the discovery prayed." V.A. Griffith, *Mississippi Chancery Practice* § 429, 424 (1950). The chancellor succinctly set out in his order that, "in order for the [c]ourt to assume jurisdiction, Plaintiff must make a showing that the information sought cannot be obtained by other methods." *See also Moore v. Bell Chevrolet-Pontiac-Buick-GMC, LLC*, 864 So. 2d 939, 947 (Miss. 2004).

## CONCLUSION

¶12. Because the chancery court did not abuse its discretion in determining that it lacked jurisdiction over this matter, we affirm the judgments of the Court of Appeals and the Harrison County Chancery Court.

¶13. **AFFIRMED.**

6

**RANDOLPH, P.J., MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, KING AND COLEMAN, JJ.**

**DICKINSON, PRESIDING JUSTICE, DISSENTING:**

¶14. Mississippi Rule of Civil Procedure 82(a) states "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of Mississippi."[2] The majority ignores this rule by holding that somehow the enactment of the Rules of Civil Procedure did in fact "limit the jurisdiction" of the chancery court. Our chancery courts' equitable jurisdiction has included subject-matter jurisdiction over bills of discovery—even when the discovery related to a matter that ultimately would be litigated in circuit court—since before any justice in the majority was born.[3]

¶15. It is no answer to say that "the chancery court lacks jurisdiction over personal-injury actions."[4] No one has attempted to file a personal-injury action in chancery court. The chancery court has always had jurisdiction over bills of discovery, regardless of where the discovery might suggest a suit is warranted.

¶16. To sum it up, the majority holds that because we adopted the Rules, the chancery courts now lack jurisdiction over bills of discovery. In other words, by claiming the Rules do exactly what Rule 82(a) says they do not do, this Court refuses to follow its own rules.

---

[2] Miss. R. Civ. P. 82(a).

[3] *See* **Buckner v. Ferguson**, 44 Miss. 677, 681–82 (1870).

[4] Maj. Op. at ¶ 4.

This is the same Court that sanctions lawyers and judges for failing to follow the rules, so one wonders how today's decision contributes to confidence in the judiciary.

¶17.    Because I believe we should follow the rules we adopt—just as we expect everyone else to do—I dissent.  Rule 82(a), if followed, ensures that the complaint of discovery remains a viable action in chancery court even when the discovery relates to a matter which will be litigated in circuit court.

¶18.    One thing more needs to be said.  Complaints of discovery serve a valuable purpose. Given attorneys' ethical and legal obligation to avoid frivolous filings,[5] prefiling discovery empowers attorneys to make more informed decisions as to whether meritorious claim exist and better equips attorneys to fulfill their ethical obligations.  Moreover, any concern that this practice will be abused is mitigated by the chancellor's discretion to deny unreasonable requests.

**KITCHENS, KING AND COLEMAN, JJ., JOIN THIS OPINION**.

---

[5] *See* Miss. R. Civ. P. 11; Miss. Code Ann. § 11-55-5 (Rev. 2012).