# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-00022-COA

**J.D., BY AND THROUGH HER NATURAL MOTHER AND NEXT FRIEND, JILETA MINGO**                                       APPELLANT

**v.**

**McCOMB SCHOOL DISTRICT**                                       APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/12/2019 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDWIN L. BEAN JR. |
| ATTORNEYS FOR APPELLEE: | STEVEN LLOYD LACEY |
| | ALLISON PERRY FRY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 03/15/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Through her mother Jileta Mingo, J.D.[1] sued the McComb School District (the District) and argued that it negligently failed to prevent a fellow sixth-grade student from attacking and injuring her. The Pike County Circuit Court granted the District's motion to dismiss J.D.'s complaint for failing to state a claim upon which relief could be granted. J.D. appeals. After careful consideration, we find that J.D.'s complaint adequately stated a cause of action for negligence. As such, we reverse the circuit court's judgment and remand the

---

[1] The documents filed in the circuit court substitute initials for the names of the minors involved in this case. We do the same to maintain the minors' anonymity.

case to the circuit court's active docket.

**FACTS AND PROCEDURAL HISTORY[2]**

¶2. In her complaint, J.D. alleged that A.B.[3] "confronted" her during an awards ceremony in their middle-school gym. After the ceremony, J.D. and A.B. were both in Linda Miller's sixth-grade class when A.B. began yelling at Miller and J.D. about some unspecified events during the ceremony. When A.B. cursed at Miller, Miller told A.B. to leave her classroom. A.B. complied. However, he was allowed to re-enter the classroom "a few minutes later[,] . . . where he attacked [J.D. and caused] severe neck, head, and jaw injuries."

¶3. The complaint went on to allege that there was "good reason to believe that . . . [A.B.] had engaged in similar conduct, not only against fellow students but also against teachers, at [the middle school] prior to and" after A.B. attacked J.D. The complaint reasoned that the District was liable for J.D.'s damages because Miller negligently failed to (1) provide a safe environment for J.D., (2) supervise or discipline A.B., (3) prevent A.B. from "bullying or harassing" J.D., or (4) "hold [A.B.] to strict account for [his] disorderly conduct[.]"

¶4. After filing its answer, the District moved to dismiss J.D.'s complaint pursuant to Mississippi Rule of Civil Procedure 12(b)(6). The District argued that it was entitled to discretionary-function immunity under the Mississippi Tort Claims Act (MTCA). Alternatively, the District asserted that it was specifically immune to claims related to student

_____

[2] Although J.D.'s subsequent filings include additional allegations, our recitation of the facts is limited strictly to the allegations in J.D.'s complaint.

[3] Throughout the record and the parties' briefs, J.D.'s alleged attacker is referred to as "J.Y." To avoid confusion, we use the initials "A.B."

control and discipline, and J.D. could not recover damages based on "a claim predicated upon a breach of statute only." Finally, the District argued that J.D.'s complaint did not provide any basis to find that A.B. had engaged in "a pattern of bullying" J.D.

¶5. J.D. subsequently filed a response in opposition, and the District filed a rebuttal. The circuit court held a hearing on the District's motion. After taking the matter under advisement, the circuit court entered its order granting the District's motion. J.D. appeals, arguing that the circuit court erred when it dismissed her complaint because the District was not entitled to discretionary-function immunity under the MTCA.

**STANDARD OF REVIEW**

¶6. Our standard of review is well settled:

> [An appellate court] reviews a trial court's dismissal based on immunity under the [MTCA] de novo. Likewise, a motion to dismiss under Rule 12(b)(6) . . . raises an issue of law, which is reviewed under a de novo standard. A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. Thus, when considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.

*Moses v. Rankin County*, 285 So. 3d 620, 623 (¶8) (Miss. 2019) (emphasis, citations, and internal quotation marks omitted).

¶7. However, the District's motion could also be described as a request for a judgment on the pleadings as set forth in Mississippi Rule of Civil Procedure 12(c).

> Since a motion for a judgment on the pleadings . . . raises an issue of law, this Court's standard of review for the granting of that motion is de novo. Therefore, this Court sits in the same position as did the trial court. In reviewing a Rule 12(c) motion, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond any

3

> reasonable doubt that the non-moving party will be unable to prove any set of facts in support of the claim which would entitle the non-movant to relief.

*Long v. Jones Cnty. ex rel. Bd. of Supervisors*, 301 So. 3d 62, 65 (¶9) (Miss. Ct. App. 2020) (citations and internal quotation marks omitted).

## ANALYSIS

¶8.    As noted above, J.D. interprets the circuit court's order as though her complaint was dismissed based on a conclusion that the District was entitled to discretionary-function immunity under the MTCA.  However, the District had argued that J.D.'s complaint should be dismissed for multiple reasons, and the circuit court's order merely states: "taking as true the facts alleged in the complaint, . . . the complaint fails to state a claim upon which relief may be granted[,] and . . . the [District] is entitled to dismissal of the cause."  The circuit court did not elaborate beyond that statement, so we do not know whether the circuit court agreed with all or some of the bases that the District argued for dismissal.

¶9.    In any event, J.D.'s sole argument on appeal is that the District was not entitled to discretionary-function immunity under the MTCA.[4]  As this Court has previously

_____

[4] The "summary of argument" portion of J.D.'s brief includes an assertion that Mississippi Code Annotated section 37-11-67 (Rev. 2013) and Mississippi Code Annotated section 37-11-69 (Rev. 2013) "positively impose[] a mandate on school districts to prevent acts of bullying by others against their students."  The "argument" portion of her brief does not further discuss a claim that those statutes are independent bases to find the District liable for J.D.'s alleged damages; nor is there any other citation to authority to support such a claim.  We therefore find that any such issue has been waived on appeal.  "An appellant cannot give cursory treatment to an issue and expect this Court to uncover a basis for the claims, either in the record or in the law." *Satterfield v. State*, 158 So. 3d 380, 383 (¶6) (Miss. Ct. App. 2015).  "The appellant must affirmatively demonstrate error in the court below, and [the] failure to do so waives an issue on appeal." *Id*.  However, our conclusion should not be interpreted to mean that J.D.'s bullying allegations may not be subsumed by her overarching claim that the District negligently failed to protect her from a foreseeable

4

summarized,

> The MTCA provides the exclusive civil remedy against a governmental entity for acts or omissions which give rise to a suit. Any tort claim filed against a governmental entity or its employee shall be brought only under the MTCA, and a school district is a governmental entity under the MTCA. Under the MTCA, sovereign immunity is waived for claims for money damages arising out of the torts of governmental entities and their employees, unless they are explicitly exempted from this waiver under [Mississippi Code Annotated] [s]ection 11-46-9(1) [(Supp. 2016)]. . . . [S]ection 11-46-9(1) exempts discretionary but not ministerial duties from immunity.
>
> A ministerial duty is a duty that is positively designated by statute, ordinance, or regulation. [Mississippi Code Annotated] [s]ection 37-9-69 [(Rev. 2013)] states that each superintendent, principal[,] and teacher in the public schools of this state shall hold the pupils to strict account for disorderly conduct at school, on the way to and from school, on the playgrounds, and during recess. The Mississippi Supreme Court has found that [s]ection 37-9-69 . . . imposes upon school districts a ministerial duty to use ordinary care and to take reasonable steps to minimize foreseeable risks to students thereby providing a safe school environment. The school is not an insurer of the safety of pupils, but has the duty of exercising ordinary care, of reasonable prudence, or of acting as a reasonable person would act under similar circumstances.

*J.E. v. Jackson Pub. Sch. Dist.*, 264 So. 3d 786, 791 (¶¶12-13) (Miss. Ct. App. 2018) (citations and internal quotation marks omitted).

¶10. We are not persuaded by the District's argument that the ordinary-care standard adopted in *L.W. v. McComb Separate Municipal School District*, 754 So. 2d 1136 (Miss. 1999), is no longer good law based on the Mississippi Supreme Court's decision in *Mississippi Transportation Commission v. Montgomery*, 80 So. 3d 789, 797 (¶26) (Miss. 2012) (negative history omitted). Despite the relatively recent fluctuations in the law regarding the test to determine whether a governmental entity is entitled to discretionary-

harm.

5

function immunity,[5] our Supreme Court has not deviated from its holding that "[p]ublic schools have the responsibility to use ordinary care and to take reasonable steps to minimize foreseeable risks to students thereby providing a safe school environment." *Chaffee ex rel. Latham v. Jackson Pub. Sch. Dist.*, 270 So. 3d 905, 907-08 (¶11) (Miss. 2019) (quoting *Henderson ex rel. Henderson v. Simpson Cnty. Pub. Sch. Dist.*, 847 So. 2d 856, 857 (¶3) (Miss. 2003)). Although the ministerial duty that stems from Mississippi Code Annotated section 37-9-69 (Rev. 2019) has been "applied . . . only in a limited context, mainly in cases concerning the disorderly conduct of students, or intentional acts on the part of individuals," *Covington Cnty. Sch. Dist. v. Magee*, 29 So. 3d 1, 5 (¶10) (Miss. 2010), the fact remains that our Supreme Court only overruled *L.W.* "to the extent [that it and other cases] may be read to condone an interplay between [Mississippi Code Annotated] [s]ection 11-46-9(1)(b) [(Rev. 2012)] and [s]ection 11-46-9(1)(d) to determine whether the discretionary conduct of [a] governmental entity is exempt from liability by applying the ordinary-care standard[.]" *Smith ex rel. Smith v. Leake Cnty. Sch. Dist.*, 195 So. 3d 771, 777 (¶18) (Miss. 2016).

¶11. Taking the allegations in J.D.'s complaint as true, J.D. adequately stated a claim that the District had breached its ministerial duty to use ordinary care and to take reasonable steps to minimize foreseeable risks to her. We certainly cannot say, based on the allegations in the complaint, that J.D. would be unable to prove any set of facts in support of her claim.

---

[5] *See Wilcher v. Lincoln Cnty. Bd. of Supervisors*, 243 So. 3d 177, 185 (¶23) (Miss. 2018) ("abandon[ing] and overrul[ing] the . . . line of cases [stemming from *Brantley v. City of Horn Lake*, 152 So. 3d 1106 (Miss. 2014)]").

Nothing more was necessary to defeat the District's motion to dismiss.[6] Consequently, the circuit court erred when it dismissed J.D.'s complaint.[7] We therefore reverse the circuit court's judgment and remand this case to the circuit court's active docket.

¶12. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD AND**

---

[6] The dissent concludes that J.D.'s complaint did not sufficiently state a negligence claim because it did not adequately allege that Miller failed to use ordinary care or "take reasonable steps in addressing the situation with A.B." Post at ¶15. The dissent reasons that J.D.'s complaint should have included "additional details to show [that] A.B. actually threatened anyone prior to leaving the classroom or to demonstrate the circumstances surrounding his subsequent re-entry into the classroom that would give rise to a breach of duty by Miller or the District." Post at ¶15. But J.D.'s complaint was only required to "provide sufficient notice to the defendant of the claims and grounds upon which relief . . . is sought." *DynaSteel Corp. v. Aztec Indus. Inc.*, 611 So. 2d 977, 984 (Miss. 1992); *see also* M.R.C.P. 8(a)(1) (stating that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). "[U]nder the liberal pleading requirements of Rule 8(a)[,] . . . a plaintiff must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Scott v. City of Goodman*, 997 So. 2d 270, 276 (¶14) (Miss. Ct. App. 2008). "A basic objective of the rules is to avoid civil cases turning on technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim." *Id*. J.D.'s complaint fulfilled that function by inferentially alleging that Miller sent A.B. out of her classroom because of an incident between him and J.D., but Miller then negligently allowed A.B. to return to her classroom, where A.B. attacked J.D. and caused her to suffer damages.

[7] We are also not persuaded by the District's assertion that it is immune from J.D.'s negligence claim under the general education statute set forth in Mississippi Code Annotated section 37-11-57(1) (Rev. 2013). J.D. did not raise a claim that the District improperly controlled, disciplined, suspended, or expelled her. For the same reason, the District is not immune from J.D.'s negligence claim under Mississippi Code Annotated section 11-46-9(1)(x) (Rev. 2019). Those statutes "are applicable only to claims by the student who was the object of discipline, and not injured third parties . . . ." *Smith*, 195 So. 3d at 780 (¶32). We do not interpret J.D.'s complaint as though she alleged that the District is liable under these statutes. She certainly does not make such an argument on appeal. At the same time, these statutes do not preclude J.D. from claiming that the District negligently failed to prevent A.B. from injuring her.

**McCARTY, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GREENLEE AND LAWRENCE, JJ.; EMFINGER, J., JOINS IN PART.**

**SMITH, J., DISSENTING:**

¶13. As this Court has previously recognized, in *Wilcher v. Lincoln County Board of Supervisors*, 243 So. 3d 177 (Miss. 2018), the Mississippi Supreme "Court was adamant that violations of statutes and regulations per se do not create causes of action that can be brought against public entities." *Bailey v. City of Pearl*, 282 So. 3d 669, 673 (¶11) (Miss. Ct. App. 2019) (citing *Wilcher*, 243 So. 3d at 184 (¶18)). The "*Wilcher* [Court] clearly provided[, though,] that public entities are still subject to basic negligence claims . . . ." *Id.* at (¶12) (quoting *Wilcher*, 243 So. 3d at 185 (¶22)). Even after taking *Wilcher* and its progeny into consideration, however, I cannot find here that the sparse assertions contained in J.D.'s complaint sufficiently asserted a claim for negligence against the District. As a result, I would affirm the circuit court's dismissal of the complaint under Rule 12(b)(6) for the failure to state a claim upon which relief could be granted. Accordingly, I must respectfully dissent from the majority.

¶14. "When considering a [Rule 12(b)(6)] motion to dismiss for the failure to state a claim upon which relief can be granted, we are limited to review of the contents of the complaint, and 'the allegations in the complaint must be taken as true.'" *Spiers v. Oak Grove Credit LLC*, 328 So. 3d 645, 651 (¶15) (Miss. 2021) (quoting *Crum v. City of Corinth*, 183 So. 3d 847, 851 (¶10) (Miss. 2016)). Here, without providing any additional details, the complaint merely asserted that A.B. "confronted" J.D. during an awards ceremony and that he later

"yell[ed]" at J.D. and their teacher, Miller, during class and "began cursing at" Miller. Nowhere in the complaint did J.D. state that A.B. ever verbally or physically threatened anyone during these interactions, including either J.D. or Miller. The complaint also alleged that A.B. left the classroom, following Miller's directive to do so. According to the complaint, A.B. was later allowed to re-enter the classroom, where he subsequently attacked J.D. Again, the complaint provided no further context regarding the circumstances surrounding A.B.'s return to the classroom or the conditions under which he was allegedly allowed re-entry to demonstrate either a failure of a duty owed or a negligent act by the District or Miller.

¶15. Even after taking the limited assertions contained in J.D.'s complaint as true, I cannot conclude they sufficiently allege that as a teacher, Miller failed to exercise ordinary care or to take reasonable steps in addressing the situation with A.B. I find the complaint to be insufficient to state a claim of negligence in the absence of any additional details to show A.B. actually threatened anyone prior to leaving the classroom or to demonstrate the circumstances surrounding his subsequent re-entry into the classroom that would give rise to a breach of duty by Miller or the District. Because I would affirm the circuit court's dismissal of J.D.'s complaint, I respectfully dissent.

**GREENLEE AND LAWRENCE, JJ., JOIN THIS OPINION. EMFINGER, J., JOINS THIS OPINION IN PART.**

9